Robert WOOLHOUSE, Appellant,

v.

TOLCHIN INSTRUMENTS, INC., Appellee.

No. 20263.

Court of Civil Appeals of Texas, Dallas.

May 20, 1980.

David Pickett, J. Thomas Sullivan, Pickett & Teter, Dallas, for appellant.

Mark R. Saiter, Larry C. Bracken, Passman, Jones, Andrews, Holley & Co., Dallas, for appellee.

Before ROBERTSON, CARVER and HUMPHREYS, JJ.

HUMPHREYS, Justice.

Robert Woolhouse appeals from a summary judgment granted Tolchin Instruments, Inc., a New York corporation, enforcing a New York default judgment rendered against Woolhouse. Woolhouse contends a fact issue exists as to New York's jurisdiction over him. We affirm.

In 1976 Woolhouse entered into a contract agreeing to sell products for Tolchin. Tolchin brought suit against Woolhouse in New York contending that Woolhouse had converted samples and models of its product, and Tolchin obtained a default judgment. Suit was then brought in Texas to enforce this default judgment, and summary judgment was granted for Tolchin. Woolhouse argues that his amended answer alleges lack of personal jurisdiction of the New York court, and that his affidavit raises a fact issue on the sufficiency of his contacts with New York.

Tolchin's motion for summary judgment is based on the fact that Woolhouse pleaded only a general denial and therefore no issue of material fact existed. The affidavit filed with this motion does not assert any facts concerning Woolhouse's contacts with New York. After this motion was filed, and one day prior to the summary judgment hearing, Woolhouse filed an amended answer alleging that there were not sufficient contacts between Tolchin and Woolhouse for the exercise of New York's long-arm jurisdiction over him. Woolhouse also filed a controverting affidavit in which he swore that his contract with Tolchin was agreed to and executed while he was a Texas resident and all duties under the contract lay in Texas. He also stated, "I had no direct contact with anyone in New York other than by telephone and one initial contact with the New York people." The court ruled that there was no issue of material fact.

■ Foreign default judgments, when properly authenticated, are presumed to be valid and the court rendering judgment is presumed to have jurisdiction. *A & S Distributing Co. v. Providence Pile Fabric Corp.*, 563 S.W.2d 281, 286 (Tex.Civ.App.— Dallas 1977, writ ref'd n. r. e.). There is no contention here that the judgment was not authenticated. The question is whether Woolhouse's affidavit raises a fact issue concerning his allegations that New York did not have jurisdiction over his person. We hold that it does not.

■ Tolchin argues that Woolhouse's affidavit is conclusory and that it alleges facts that reveal that New York had jurisdiction as a matter of law. Woolhouse's statement that he had "one initial contact" in New York is not conclusory. Tolchin cites several cases for its contention that this statement shows as a matter of law that New York did have jurisdiction over Woolhouse, but it did not present any New York law to the trial court. Under either New York or Texas law, the extent of the defendant's contacts with the foreign state is the determinative factor. *See, e. g., Xedit Corp. v. Harvel Industries Corp.*, 456 F.Supp. 725, 728 (S.D.N.Y.1978); *George Reiner & Co. v. Schwartz*, 41 N.Y.2d 648, 394 N.Y.S.2d 844, 363 N.E.2d 551, 553

(1977); *Michigan General Corp. v. Mod-U-Kraf Homes, Inc.*, 582 S.W.2d 594, 597 (Tex. Civ.App.—Dallas 1979, writ ref'd n. r. e.).

In order to avoid the summary judgment in favor of Tolchin, Woolhouse had to show the existence of an issue of fact with respect to his defense. *Town North National Bank v. Broaddus*, 569 S.W.2d 489, 494 (Tex.1978). The facts asserted must be sufficient to raise a fact issue; that is, they must be of probative force. *Garza v. Allied Finance Co.*, 566 S.W.2d 57, 61 (Tex.Civ.App.—Corpus Christi 1978, no writ); *Hutchinson v. City of Dallas*, 290 S.W.2d 253 (Tex.Civ.App.—Dallas 1956, no writ). If the opposing party expects to defeat a motion for summary judgment by alleging an issue of fact, it is incumbent on him to come forward with evidence sufficient to raise the question. *West Coast Mining, Inc. v. Security National Bank of Lubbock*, 442 S.W.2d 821, 823 (Tex.Civ.App.—Amarillo 1969, writ ref'd n. r. e.).

We hold that Woolhouse's affidavit is insufficient to raise a fact issue concerning his contacts with New York. His assertion that he was a resident of Dallas when the contract was agreed to and executed and that he has only had one initial contact with anyone in New York does not tend to show that he did not have sufficient contacts with New York. The issue is whether this contact was of such a nature and extent to be sufficient to justify New York's exercise of jurisdiction over him. Having failed to assert probative facts which would bear on that question, Woolhouse's affidavit does not raise a fact issue. Furthermore, the fact that he might be able to prove these facts at trial is no reason to reverse the summary judgment. He had the opportunity to assert these facts in his affidavit. *See Stafford v. Wilkinson*, 157 Tex. 483, 304 S.W.2d 364, 367–68 (1957).

Affirmed.