P. J. REIFF, Jr., Appellant,

v.

William McGUIRE, Appellee.

No. 8863.

Court of Civil Appeals of Texas, Texarkana.

April 14, 1981.

Robert M. Warner, Zimring & Warner, Dallas, for appellant.

Jack C. Myers, Dallas, for appellee.

HUTCHINSON, Justice.

Appellee, William McGuire, instituted this suit against appellant, P. J. Reiff, Jr., upon a default judgment previously obtained in the State of Virginia. The trial court granted appellee's motion for summary judgment and this appeal follows.

In March of 1978 appellee sued the appellant for damages for breach of contract in the Circuit Court for the County of Fairfax, Virginia. Service of process upon appellant was based upon the provisions of 8 Virginia Code Annotated, as amended, § 8.01–329 B.[1] On May 9, 1978, the Secretary of the Commonwealth of Virginia completed an affidavit of compliance stating that legal service was made upon him as the statutory agent for appellant in accordance with the Code of Virginia and that a copy of the same was forwarded by certified mail, return receipt requested, to appellant at an address in Oklahoma City, Oklahoma. In October of 1978, appellee obtained the Dallas address of appellant and wrote him a letter advising that unless he did something to settle the matter a judgment would be taken in the Virginia court. On November 2, 1978, a hearing was held and the default judgment was entered.

Thereafter this suit was filed in Dallas County and appellant responded by filing a general denial. The appellee then filed the motion for summary judgment based upon the Virginia judgment. In his reply and supporting affidavit appellant states that at the time the suit was filed in Virginia he was a resident of Dallas, Texas, and never received any notice of the Virginia proceedings. He further states that in October of 1978, appellee knew his Dallas address and made no effort to then serve him there. He also shows that the papers mailed to the Oklahoma City address were returned to the Secretary of the Commonwealth of Virginia marked "unknown", "Not in Directory."

Appellant here advances two points of error. First he asserts that the trial court erred in granting the summary judgment because there exists an issue of a material fact as to the service of process and secondly, that appellee failed to strictly comply with the provisions of the statute under which service was made, thereby denying him due process of law.

▪ Appellee by brief asserts that certain statements contained in appellant's affidavit cannot be considered because appellant would not have had personal knowledge of the facts stated, citing *Pickering v. First Greenville National Bank*, 495 S.W.2d 16 (Tex.Civ.App.—Dallas 1973, writ ref'd n. r. e.). In his affidavit appellant states that he has personal knowledge of the information contained therein and that such information is true and correct. Appellee made no exception or objection thereto and in the absence of either an exception or objection, it was enough for the affidavit to state that the affiant did in fact have such personal knowledge. *Woods Exploration and Producing Company, Inc. v. Arkla Equipment Company*, 528 S.W.2d 568 (Tex.1975); *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230 (Tex.1962).

▪ The authenticated copy of the Virginia judgment attached to appellee's motion raises a presumption of its validity

---

1. "B. Service of such process or notice on the Secretary shall be made by leaving a copy of the process or notice, together with the fees prescribed in Section 14.1–103 in the hands of the Secretary or in his office in the City of Richmond, Virginia and such service shall be sufficient upon the non-resident, provided that notice of such service and a copy of the process or notice are forthwith sent by registered or certified mail, with delivery of receipt requested, by the Secretary to the defendant or defendants at such defendant's or defendants' last known post office address, and an affidavit of compliance herewith by the Secretary or someone designated by him for that purpose and having knowledge of such compliance shall be forthwith filed with the papers in the action."

under the authority of the full-faith-and-credit clause of the United States Constitution, Art. IV, § 1, and 28 U.S.C. § 1738, and such authenticated copy is sufficient in itself to establish a prima facie case. Thus, the burden is on the appellant to show that the judgment is not a valid, final and subsisting judgment. *Mitchim v. Mitchim*, 518 S.W.2d 362 (Tex.1975); *Mathis v. Wachovia Bank & Trust Co.*, 583 S.W.2d 800 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n. r. e.); *A & S Distributing Co. v. Providence Pile, etc.*, 563 S.W.2d 281 (Tex.Civ.App.—Dallas 1977, writ ref'd n. r. e.). It is true that on this appeal all questions of fact must be resolved against the trial court's ruling, yet the foreign judgment sued upon is entitled to all the presumptions arising from the full-faith-and-credit clause and 28 U.S.C. § 1738. The appellant's attack on the foreign judgment is in the nature of an affirmative defense on which he has the burden to offer some summary judgment proof that will raise an issue as to its validity. *Hungate v. Hungate*, 531 S.W.2d 650 (Tex.Civ.App.—El Paso 1975, no writ); *A & S Distributing Co. v. Providence Pile, etc.*, supra. The foreign judgment here sued upon was taken by default and it is suggested that the default destroys the presumption in favor of its validity. *Jackson v. Randall*, 544 S.W.2d 439 (Tex.Civ.App.—Texarkana 1976, no writ); *Country Clubs, Inc. v. Ward*, 461 S.W.2d 651 (Tex.Civ.App.—Dallas 1970, writ ref'd n. r. e.). The language of these cases are not determinative of the issue here presented as the jurisdiction of the Virginia court is shown not only from the recital in the judgment but affirmatively appears in the record before this and the trial court. Thus, the foreign judgment will be presumed to be regular. *A & S Distributing Co. v. Providence Pile, etc.*, supra.

The summary judgment proof indicates that the requirements of the Virginia statute were complied with. The Secretary of the Commonwealth mailed the required notice addressed to appellant in Oklahoma City, Oklahoma, by certified mail, return receipt requested, and appellant does not suggest that the address used was not at some time his address. The Secretary is-sued an affidavit of compliance with the Virginia law on May 9, 1978, at which time service was complete. Appellee learned of appellant's new address in October of 1978 and there is no proof or even a suggestion that appellee knew of the new address in April or May of 1978. Appellant's contention that the failure of appellee to notify the Secretary of the Commonwealth of the new address which became known to him in October of 1978 denied him of due process of law is without merit. Service of process was complete in May of 1978 and appellant was aware of such service prior to the rendition of the default judgment. Under the facts presented, we cannot hold that appellee had the duty under the Virginia statute to cause the Secretary of the Commonwealth to again comply with § 8.01–329 B of the Virginia Code Annotated. The necessary notice to appellee was perfected when the affidavit of compliance was filed on May 9, 1978.

The judgment of the trial court is affirmed.