LINCOLN BANK & TRUST
CO., Appellant,

v.

Ralph W. WEBB, Jr., Appellee.

No. 16612.

Court of Civil Appeals of Texas,
San Antonio.

July 8, 1981.

Jr., against appellant, Lincoln Bank & Trust Company, by the Jim Wells County District Court in Lincoln Bank's suit on an Oklahoma judgment. The case was tried without a jury.

On March 29, 1973, appellee Webb, Jr., signed a security agreement and promissory note in Ardmore, Oklahoma, for the purpose of creating a security interest in an automobile and several appliances. The agreement and note were payable to the Lincoln Bank in the principal sum of $3,974.40 in thirty monthly installments.

Lincoln Bank instituted suit against Webb, Jr., in Carter County District Court, Oklahoma, on September 3, 1974, alleging that he defaulted on his loan and did not pay the full amount due on the promissory note. The receipt of Certificate of Service by certified mail addressed to Ralph W. Webb, Jr., in Annona, Texas, was signed "Ralph Webb." A default judgment was entered against Ralph W. Webb, Jr., in Carter County, Oklahoma, on October 7, 1974.

Lincoln Bank filed the present suit in Jim Wells County, Texas, on May 9, 1979, in order to enforce the Oklahoma default judgment. Lincoln Bank filed a motion for judicial notice of the law of another state in an attempt to establish that Oklahoma permitted service by certified mail in 1974. Lincoln Bank's motion was denied. The trial court signed a take-nothing judgment against Lincoln Bank on May 21, 1980.

Following the signing of the judgment, Lincoln Bank requested that the trial court file findings of fact and conclusions of law pursuant to Tex.R.Civ.P. 296 and 297. The trial court never complied with Lincoln Bank's proper requests.

Lincoln Bank raises three points of error on appeal. The points of error are that (1) the Oklahoma default judgment was entitled to full faith and credit by Texas courts because Webb, Jr., failed to meet his burden of corroborating his testimony that no service was perfected; (2) the trial court erred in denying Lincoln Bank's motion for judicial notice of laws in Oklahoma; and (3)

R. E. Lopez, Jr., Alice, for appellant.

Werner A. Gohmert, Alice, for appellee.

OPINION

ESQUIVEL, Justice.

This is an appeal from a judgment rendered in favor of appellee, Ralph W. Webb,

the trial court committed reversible error by failing to file findings of fact and conclusions of law pursuant to Tex.R.Civ.P. 296 and 297.

## JUDICIAL NOTICE

Firstly, we will address the issue of judicial notice.

During the trial, Lincoln Bank requested that the court take judicial notice of Oklahoma law pursuant to Rule 184a, Texas Rules of Civil Procedure. The court overruled the appellant's motion and, consequently, Lincoln Bank has raised the trial court's denial as a point of error. We hold that the trial court correctly overruled Lincoln Bank's motion.

Rule 184a provides:

The judge upon the motion of either party shall take judicial notice of the common law, public statutes, and court decisions of every other state, territory, or jurisdiction of the United States. Any party requesting that judicial notice be taken of such matter shall furnish the judge sufficient information to enable him properly to comply with the request, and shall give each adverse party such notice, if any, as the judge may deem necessary, to enable the adverse party fairly to prepare to meet the request. The rulings of the judge on such matters shall be subject to review.

Tex.R.Civ.P. 184a. Tex.Rev.Civ.Stat.Ann. art. 3718 (Vernon 1926) provides:

The printed statute books of this State, of the United States, of the District of Columbia, or of any State or territory of the United States or of any foreign government, purporting to have been printed under the authority thereof, shall be received as evidence of the acts and resolutions therein contained.

■ It is clear that article 3718 was not intended to be the exclusive method of proving the statutory law of sister states. Those statutes may be proven (1) when they are published under the authority of the sister state or (2) by a certified copy from the Secretary of State of the sister state,

authenticated with the state seal. Tex.Rev. Civ.Stat.Ann. art. 3718 (Vernon 1926); *Burge v. Broussard*, 258 S.W. 502, 507–509 (Tex.Civ.App.—Beaumont 1924, writ ref'd); *See* Thomas, *Proof of Foreign Law in Texas*, 25 Sw.L.J. 554 (1971).

■ Appellant Lincoln Bank did not attempt to introduce a properly certified copy of the Oklahoma state statutes, authenticated with the Oklahoma state seal. Rather, appellant Bank introduced two certificates in exhibit which state:

I certify that the above exhibit is an exact transcript of an act of the State Legislature of the State of Oklahoma, Title 12 § 153.1 [and § 170.1] of the Code of Civil Procedure of the State of Oklahoma as last amended in the year, 1973, and as the same appears of record in the official published acts of that year, and is a copy from the said printed statute book printed under the authority of the Oklahoma State Government.

Jeannett B. Edmondson [sic]
Secretary of State

by ———————————————
s/Jeannette B. Edmondson

In order to satisfy sufficiently the dictates of the Texas Legislature in enacting Tex. Rev.Civ.Stat.Ann. art. 3718 and the Texas Supreme Court in adopting Tex.R.Civ.P. 184a, and the decisions announced in *Harvey v. Cummings*, 68 Tex. 599, 5 S.W. 513 (1887) and *Burge v. Broussard, supra*, regarding the authentication of the laws of a sister state, the Secretary's certificate must reflect affirmatively, *inter alia*, (1) the seal of the state the laws purport to represent and (2) the identity of state, office and authority of the subscribing attester. If these essential elements are not present then the certificate is not admissible in evidence. As the Texas Supreme Court stated in *Harvey v. Cummings*, 68 Tex. 599, 5 S.W. 513 (1887):

Now, a copy of the act under the great seal of the state of Alabama would have been competent proof although the attestation had not shown whence the copy was taken; and the published acts themselves, as well as certified copy thereof by

our own secretary of state, were admissible in evidence. Therefore we fail to see any good reason why the copy *certified by the secretary of state of Alabama* is not good, merely because his certificate shows that it is taken from the official published acts deposited in his office, and not from the original bill as enrolled and signed. [emphasis added]

68 Tex. at 603–604, 5 S.W. at 514.

■ In the instrument before the trial court there was no seal of the state of Oklahoma present certifying that the copy it attests purported to be the law of Oklahoma. Significantly, there was no affirmative declaration as to the identity of state or authority of the subscribing attester, Jeannette B. Edmondson. Appellant Lincoln Bank failed to properly authenticate the laws of the state of Oklahoma and failed to furnish the trial court judge sufficient information to enable the judge to comply with Lincoln Bank's motion. Tex.R.Civ.P. 184a; Tex.Rev.Civ.Stat.Ann. art. 3718 (Vernon 1926); *Harvey v. Cummings,* 68 Tex. at 603, 5 S.W. at 514; *Burge v. Broussard,* 258 S.W. 502, 508 (Tex.Civ.App.—Beaumont 1924, writ ref'd). Accordingly, appellant's point of error number two is overruled.

### FULL FAITH AND CREDIT

■ The effect of the proper denial of Lincoln Bank's motion for judicial notice is the same as though no evidence was presented and no request was made pursuant to Rule 184a. Consequently, we must presume that the Oklahoma law is the same as the Texas law. *See: Ogletree v. Crates,* 363 S.W.2d 431, 435 (Tex.1963); *Perry v. Ponder,* 604 S.W.2d 306, 319 (Tex.Civ.App. —Dallas 1980, no writ); *and Johnston v. Johnston,* 575 S.W.2d 610, 611 (Tex.Civ.App. —San Antonio 1978, no writ).

Lincoln Bank filed its first amended original petition based upon the Oklahoma default judgment rendered against the appellee Webb, Jr. An authenticated copy of the judgment was introduced and admitted into evidence without objection from Webb, Jr. At no time since the introduction of the judgment has the appellee denied the authenticity of the Oklahoma default judgment.

■ Appellant Bank correctly asserts the general rule of law regarding the introduction of foreign judgments. The introduction of a sister state judgment establishes a prima facie case in the forum state. As the Dallas Court of Civil Appeals emphasized in *Country Clubs, Inc. v. Ward,* 461 S.W.2d 651 (Tex.Civ.App.—Dallas 1970, writ ref'd n. r. e.):

> When a plaintiff sues upon a judgment of a sister state in Texas and introduces a properly authenticated copy of the judgment as provided by 28 U.S.C. § 1738, he thereby establishes a prima facie case. The burden of attacking the judgment and establishing reasons why it should not be given full faith and credit, such as lack of jurisdiction of the person of the defendant, then shifts to the defendant. [citations omitted]

461 S.W.2d at 655. Thus, where a foreign judgment appears on its face to be a valid, final and subsisting judgment rendered by a court of general jurisdiction, a prima facie case exists unless it is shown by the defendant that the foreign court lacked jurisdiction or the judgment is otherwise invalid. *Mitchim v. Mitchim,* 518 S.W.2d 362, 364 (Tex.1975); *Reiff v. McGuire,* 616 S.W.2d 349 (Tex.Civ.App.—Dallas 1981); *McLendon v. Todd-AO-Corp.,* 546 S.W.2d 653, 654 (Tex.Civ.App.—Beaumont 1977, no writ). Several courts have referred to an attack on a foreign judgment, proven as a prima facie case, to be in the nature of an affirmative defense. *See: Reiff v. McGuire, supra; A & S Distributing Co. v. Providence Pile Fabric Corp.,* 563 S.W.2d 281, 283 (Tex. Civ.App.—Dallas 1977, writ ref'd n. r. e.); *and Hungate v. Hungate,* 531 S.W.2d 650, 654 (Tex.Civ.App.—El Paso 1975, no writ).

■ Appellant Bank maintains that Webb, Jr., failed to present sufficient evidence to overcome the prima facie case established by the judgment. As a consequence, Lincoln Bank reasons that Webb, Jr., failed to establish his affirmative defense. We disagree. While it is true that

the appellee has never contested the *authenticity* of the Oklahoma default judgment against him, Webb, Jr., has argued consistently that the judgment was *void* for lack of jurisdiction over his person. Specifically, Webb, Jr., argued that he had insufficient notice of the Oklahoma lawsuit because he never received personal service of process. Although the appellant argues strenuously to the contrary, no issue arises concerning the requirements of corroboration to overcome a prima facie case. The issue before this court, as the issue was before the court below, is whether the Oklahoma default judgment is valid under Texas law. We hold that it is not valid.

At the time in question, Tex.R.Civ.P. 108 provided:

> Where the defendant is absent from the State, or is a nonresident of the State, the form of notice to such defendant of the institution of the suit shall be the same as prescribed for citation to a resident defendant; and such notice may be served by any disinterested person competent to make oath of the fact in the same manner as provided in Rule 106 hereof . . . .

Also, in 1974, Tex.R.Civ.P. 106 provided:

> Unless it otherwise directs the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto. Where it is impractical to secure personal service, as above directed, the court, upon motion, may authorize service by leaving a copy of the citation, with petition attached, at the usual place of business of the party to be served, or by delivering same to any one over sixteen years of age at the party's usual place of abode, or in any other manner which will be reasonably effective to give the defendant notice of the suit.

■ Since Rules 106 and 108 are in derogation of the common law, they must be followed with strict compliance. *Johnston v. Johnston*, 575 S.W.2d at 611; *Spencer v. Texas Factors, Inc.*, 366 S.W.2d 699, 700 (Tex.Civ.App.—Dallas 1963, writ ref'd n. r.

e.). As is clear from the language of the rules, service of process by certified mail was not permitted under Texas law in 1974. As a result, service of citation by certified mail could not extend jurisdiction to nonresidents in the same circumstances as to Webb, Jr.

In order to support a default judgment upon substituted service, the return must meet the requirements of Rule 108. Since the return of service did not comply with Rule 108, the return was fatally defective and insufficient to support the Oklahoma default judgment. Tex.R.Civ.P. 106, 108; *Johnston v. Johnston*, 575 S.W.2d at 612. We conclude that the trial court did not err in rendering a take-nothing judgment against Webb, Jr. Appellant Bank's point of error number one is overruled.

We express no opinion concerning the intriguing question of whether service of citation addressed to "Ralph W. Webb, Jr." and signed "Ralph Webb," was sufficient to confer notice upon Webb, Jr.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

■ Appellant Lincoln Bank timely filed its original request for findings of fact and conclusions of law pursuant to Tex.R.Civ.P. 296. Additionally, Lincoln Bank properly and timely filed a subsequent request for the judge to state his findings of fact and conclusions of law pursuant to Tex.R.Civ.P. 297. The judge never complied with Lincoln Bank's proper requests and, as a result, the Bank raises this refusal by the judge as a third point of error.

The law is well-settled. A trial court's failure to file findings of fact or conclusions of law or both is not *reversible* error absent an injury shown to have been incurred by the appellant. *Stephenson v. Vineyard*, 564 S.W.2d 424, 425 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n. r. e.); *Fraser v. Goldberg*, 552 S.W.2d 592, 593 (Tex.Civ.App.—Beaumont 1977, writ ref'd n. r. e.). At no time has appellant Lincoln Bank demonstrated or even alleged an injury. Therefore, appellant's third point of error is overruled.

The judgment of the trial court is affirmed.