James E. CALLAWAY, Appellant,

v.

Supasit MAHAGUNA, Appellee.

No. 7061.

Court of Civil Appeals of Texas, El Paso.

July 29, 1981.

Law Offices of James A. Mashburn, James A. Mashburn, C. H. (Hal) Brockett, Jr., J. K. "Rusty" Wall, Midland, for appellant.

Victor K. Sizemore, P. C., Mary Lane Broaddus, El Paso, for appellee.

## OPINION

WARD, Justice.

This is an appeal from a summary judgment granted to the Plaintiff who sued to enforce a California default judgment obtained against a Texas resident Defendant where the process was served in Texas. The question on appeal is the sufficiency of

the Plaintiff's summary judgment proof, and whether a fact issue was raised by the Defendant's summary judgment proof which challenged the jurisdiction of the California court. We affirm.

On October 14, 1977, the Plaintiff, Supasit Mahaguna, recovered a default judgment in the Superior Court of California, against the Defendant, James E. Callaway, in the total sum of $105,412.34. The Plaintiff then filed the present suit in August of 1978 in the District Court of Midland County based on the foreign judgment. In August of 1979, the Plaintiff filed a Motion for Summary Judgment to the effect that his claim was founded on the foreign judgment. On October 10, the Defendant replied to the motion by filing his affidavit stating that, at the time of the transaction that was the basis for the suit, he was a resident of Midland, Texas; that he had never resided in the State of California; and that he was served with process by registered mail in Midland on April 21, 1977. The affidavit continues:

> I have not transacted any business in California in connection with the alleged note sued upon. The alleged note was not made payable in California.

> The debt sued upon arises out of the operation of the American Far East Trading Company. It was my understanding that the Corporation was formed under the laws of the State of Nevada. The Corporation did not transact business in California. Said Corporation engaged in the import-export business in Hong Kong, Bangkok, and Taipei.

The Plaintiff then filed a brief in support of his motion for summary judgment, and on November 19 filed a supplemental brief reciting that attached "to this Motion for Summary Judgment is a properly authenticated copy of the Judgment in the instant case." This instrument, together with the attached exemplified copy of the judgment sued upon, was filed in the Clerk's office and is included in the transcript, and a copy of this matter was mailed to the Defendant. Thereafter, on June 23, 1980, the Court entered the summary judgment in favor of the Plaintiff, the judgment reciting the fact that the Court considered the supplemental documentary evidence that was on file.

■ The Defendant's first point asserts the summary judgment was improper as the foreign judgment was not authenticated so as to be received as evidence supporting the motion for summary judgment. The Defendant argues that the only evidence in support of the motion was a certified copy of the California default judgment attached to the Plaintiff's original petition and, as such, became only a part of the pleadings which cannot be considered summary judgment evidence. *Hidalgo v. Surety Savings and Loan Association,* 462 S.W.2d 540 (Tex.1971). This argument ignores the exemplified copy of the judgment that was filed by the Plaintiff. While the judgment should not have been attached to the brief, it is a defect of form and not grounds for reversal unless specifically pointed out. Since the properly authenticated copy of the California judgment was on file before judgment was entered, and a copy of it was mailed to the Defendant, the Defendant has waived his complaint by failing to point out the defect until after the summary judgment was rendered. Tex.R. Civ.P. 166–A(e); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). The first point is overruled.

By the second point, the Defendant asserts that a fact issue was presented as to the jurisdiction of the California court over the Defendant. Since the Trial Court properly considered the authenticated copy of the California judgment, that instrument was sufficient in itself to establish the Plaintiff's prima facie case. 28 U.S.C. sec. 1738. The burden was then on the Defendant to show that the Court did not have jurisdiction to render the judgment. *Mitchim v. Mitchim,* 518 S.W.2d 362, 364 (Tex. 1975). Since the foreign judgment sued on is entitled to all the presumptions arising from the full faith and credit clause of the United States Constitution and the statute the Defendant's attack on the foreign judgment is in the nature of an affirmative defense, and, on this, the Defendant has the

burden to offer summary judgment proof raising a fact issue. *A & S Distributing Company, Inc. v. Providence Pile Fabric Corporation*, 563 S.W.2d 281 (Tex.Civ.App.—Dallas 1977, writ ref'd n. r. e.); *Hungate v. Hungate*, 531 S.W.2d 650 (Tex.Civ.App.—El Paso 1975, no writ).

We do not believe that the Defendant's affidavit is sufficient to raise a fact issue as to the lack of *in personam* jurisdiction of the California court. In the first place, the statement in the affidavit that the Defendant had not transacted any business in California in connection with the note sued upon is no more than a legal conclusion and not competent summary judgment proof. *Bates v. Smith*, 155 Tex. 443, 289 S.W.2d 215 (1956); *A & S Distributing Company, Inc. v. Providence Pile Fabric Corporation, supra*, at 284.

In the second place, even if we were able to consider the conclusion in the affidavit, the Defendant has failed to discharge his burden on his affirmative defense as he has presented no evidence covering the various other methods by which the California court could have acquired its jurisdiction. The Plaintiff filed a motion under Rule 184a, Tex.R.Civ.P., requesting the Trial Court to take judicial notice of the pertinent California law. Under the California statutes, a California court may exercise jurisdiction over non-residents on the broadest possible basis not inconsistent with the United States or California constitutions, *Buckeye Boiler Company v. Superior Court of Los Angeles County*, 71 Cal.2d 893, 80 Cal.Rptr. 113, 458 P.2d 57 (1969), and as a general constitutional principle, a court may exercise personal jurisdiction over a non-resident individual so long as he has such minimal contacts with the state that "... the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'." *International Shoe Company v. State of Washington*, 326 U.S. 310, 316–317, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945). By imposing no limitations on its jurisdiction over non-residents except those imposed by constitutional consideration, California recognizes that it can ac-

quire jurisdiction over a natural person on eleven separate bases. In the case of a natural person, such bases currently include presence, domicil, residence, citizenship, consent, appearance, doing business in the State, doing an act in the State, causing effect in the State by act or omission elsewhere, ownership, use or possession of a thing in the State, as well as other relationships to the State. *See: Quattrone v. Superior Court for County of Los Angeles*, 44 Cal.App.3d 296, 118 Cal.Rptr. 548 (1975); *see generally*: 20 Am.Jur.2d *Courts* sec. 146.

Even if we were to consider the conclusion, Defendant could still have consented to the judgment or caused such an effect in the State of California by act or omission elsewhere in regard to the transaction that the State was able to obtain jurisdiction. The Defendant has failed his burden to offer summary judgment proof negating all methods by which the California court could have acquired jurisdiction over the Defendant while he was a resident of Midland. The Defendant's second point is overruled.

The judgment of the trial Court is affirmed.