**Tom HART, d/b/a Mark's Marine, Appellant,**

v.

**CALKINS MANUFACTURING COMPANY, INC., Appellee.**

No. 8949.

Court of Appeals of Texas, Texarkana.

Sept. 29, 1981.

Evelyn L. Teeters, Nance, Caston & Nall, Denison, for appellant.

John H. Morris, Henderson, Bryant, Wolfe, Vogelsang & Graber, Sherman, for appellee.

CORNELIUS, Chief Justice.

The question for decision is whether, in a suit to enforce a judgment rendered by a court of another state, a copy of the judgment properly authenticated pursuant to 28 U.S.C.A. § 1738 (1966) [1], is stripped of its presumption of validity, for purposes of summary judgment, solely by reason of the fact that a portion of the typewritten judgment appears to have been changed by pencil or ink interlineation. We hold that in the absence of summary judgment proof that the judgment was improperly altered subsequent to its rendition, its presumption of validity is not destroyed, and we affirm the judgment.

The judgment in question was a default judgment in favor of Calkins Manufacturing Company against Thomas Hart for the sum $17,910.82. It was rendered by the 19th Judicial Circuit Court of Lake County, Illinois, on February 9, 1978, after Hart failed to appear or answer. Calkins filed suit in Grayson County, Texas, to enforce the judgment. Hart filed only a general denial. Calkins filed a motion for summary judgment with the properly authenticated copy of the foreign judgment attached. In that judgment the part specifying the amount of the recovery as "Eighteen thousand four hundred eight dollars and seventy-cents" appears to have been crossed out and the sum of "Seventeen thousand nine hundred ten dollars and eighty-two cents" substituted therefor. Hart filed objections and exceptions to the motion for summary judgment on the basis of the interlineation, but he filed no summary judgment evidence raising any issue that the judgment had been improperly altere1 after its rendition.

1. "§ 1738. State and Territorial statutes and judicial proceedings; full faith and credit
   "The Acts of the legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory or Possession thereto.
   "The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.
   "Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken. June 25, 1948, c. 646, 62 Stat. 947."

The trial court properly granted summary judgment. The authenticated copy of the Illinois judgment attached to Calkins motion created a presumption of the judgment's validity and its entitlement to full faith and credit pursuant to the United States Constitution art. IV, § 1 and 28 U.S.C.A. 1738, and is sufficient in itself to establish a prima facie case for its enforcement. *Mitchim v. Mitchim,* 518 S.W.2d 362 (Tex. 1975); *Reiff v. McGuire,* 616 S.W.2d 349 (Tex.Civ.App.-Texarkana 1981, no writ); *Freudenmann v. Clark & Associates, Inc.,* 599 S.W.2d 132 (Tex.Civ. App.-Corpus Christi 1980, no writ); *Colson v. Thunderbird Bldg. Materials,* 589 S.W.2d 836 (Tex.Civ.App.-Amarillo 1979, writ ref'd n.r.e.); *A & S Distributing Co. v. Providence Pile, Etc.,* 563 S.W.2d 281 (Tex.Civ. App.-Dallas 1977, writ ref'd n.r.e.); *McCarty v. Walker,* 538 S.W.2d 861 (Tex.Civ.App.- Texarkana 1976, no writ). The filing of such authenticated copy as summary judgment evidence cast the burden upon Hart to produce some evidence at least raising an issue of fact as to its invalidity. *Reiff v. McGuire,* 616 S.W.2d 349 (Tex.Civ.App.- Texarkana 1981, no writ); *A & S Distributing Co. v. Providence Pile, Etc.,* 563 S.W.2d 281 (Tex.Civ.App.-Dallas 1977, writ ref'd n.r.e.); *Hungate v. Hungate,* 531 S.W.2d 650 (Tex.Civ.App.-El Paso 1975, no writ). In the absence of such summary judgment evidence Calkins was entitled to judgment. The fact that the foreign judgment was by default did not defeat the presumption of validity. *Reiff v. McGuire,* 616 S.W.2d 349 (Tex.Civ.App.-Texarkana 1981, no writ); *Woolhouse v. Tolchin Instruments, Inc.,* 601 S.W.2d 106 (Tex.Civ.App.-Dallas 1980, no writ); *Colson v. Thunderbird Bldg. Materials,* 589 S.W.2d 836 (Tex.Civ.App.-Amarillo 1979, writ ref'd n.r.e.); *A & S Distributing Co. v. Providence Pile, Etc.,* 563 S.W.2d 281 (Tex.Civ.App.-Dallas 1977, writ ref'd n.r.e.).

There was no summary judgment proof in this case raising the issue of the invalidity of the judgment. Hart argues that the existence of an interlineation renders the judgment not regular on its face and thus destroys the presumption of validity. We disagree. The mere fact that the instrument evidencing the judgment contains erasures or corrections does not impugn its verity, absent some evidence that the alteration was made subsequent to its rendition and was unauthorized. It appears that the interlineation on the judgment involved here was not superimposed on the copy which was certified by the clerk, but was interlined on the original instrument from which the authenticated copy was made. It will be presumed, in the absence of summary judgment evidence to the contrary, that the copy which the clerk certified as being the final and subsisting judgment is correct, as it is the clerk's attestation and the court's certificate and seal which import verity to the judgment, rather than the copy itself.

For the reasons stated the judgment of the trial court is affirmed.