David BAYNE, Appellant,

v.

Ryan HEID, by his Mother and next Friend Adrienne HEID, and Adrienne Heid, Individually, Appellees.

No. 01–81–0796–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 8, 1982.

David W. Farley, Houston, for appellant.

James Foster Andrews, Houston, for appellees.

## OPINION

SMITH, Justice.

This is an appeal from the granting of a summary judgment to enforce a foreign judgment. The sole issue in this case is whether the appellant raised an issue of fact as to whether he was served with citation in the original foreign judgment proceeding.

The appellees obtained a default Oklahoma judgment against the appellant for the sum of $64,750, plus court costs, attorney's fees, and interest. The appellees then filed an original petition in Harris County seeking to enforce that judgment. The appellant's original answer contained a general denial and also an affirmative defense, denying that he had ever been served in the Oklahoma suit. The appellees filed a motion for summary judgment to which they attached a certified copy of the Oklahoma judgment against the appellant, a copy of post-judgment costs of court, a copy of the summons, and a copy of service by the Constable. The appellant filed a response to the appellee's motion for summary judgment and filed his own motion for summary judgment.. After a hearing on the motions, the trial court rendered judgment for the appellees.

In response to the appellees' motion for summary judgment, the appellant filed a response to which he attached his affidavit stating that he had not been served in the Oklahoma suit. He also attached to his response, pages from Houston telephone directories for the years 1974 through 1980. The directories show the appellant's address as 1711 Connorvale.

The appellant contends that his affidavit raises the following issues: (1) appellant resides and has resided at 1711 Connorvale Street for several years; (2) he was never served; (3) and the address on the summons, 1711 ½ Connorvale, does not exist.

The appellees' response is that the summons clearly indicates that personal service was obtained, and that the Oklahoma judgment specifically noted that personal service had been obtained. The appellees further respond that they are entitled to receive full faith and credit on the Oklahoma judgment in the Texas courts.

■ Generally, where a judgment of a state appears to be a valid final judgment by a court of general jurisdiction, its introduction makes a prima facie case for the party seeking to enforce it. *Mathis v. Wachovia Bank & Trust Co.,* 563 S.W.2d 800 (Tex. Civ. App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). However, jurisdiction of a court to render a default judgment may not be sustained by the judgment recitals and must appear affirmatively on the face of the record. *Country Clubs, Inc. v. Ward,* 461 S.W.2d 651 (Tex. Civ. App.—Dallas 1970, writ ref'd n.r.e.). Rule 184a of the Tex. R. Civ. P. provides that either party may make a motion to the court to take judicial notice of the laws of another state, but in this case the record does not reflect that such a request was made; therefore, the laws of the State of Texas shall be applied to determine the validity of the service.

The judgment in this case recites that service was obtained upon the appellant. The summons sent to the Harris County Constable states that the appellant lived in the house next to 1711 Connorvale, and the Constable's return shows that the appellant was served at 1711 ½ Connorvale. The appellant's affidavit states that he was not served in the Oklahoma suit. He further states that there is no such address as 1711 ½ Connorvale, and there has never been such an address as long as he had been at 1711 Connorvale. Attached to the appellant's affidavit are copies from Houston telephone directories for the years 1974 through 1980, which directories list the appellant as living at 1711 Connorvale.

■ The appellees contend that the appellant's affidavit was not properly corroborated, and that there was insufficient evidence to rebut the presumption of valid service. We disagree with this contention. The face of the summons, under service instructions, states as follows "Serve David Bayne at house next door to 1711 Connorvale, Houston, Texas (1711 ½ ??)." The Constable's return states that "David Bayne, address 1711 ½ Connorvale, was served on 9/21/78." In addition to the summons and return of the Constable showing such address for the appellant, the listings in the telephone directories for a seven year period corroborate the appellant's affidavit that his true home address is 1711 Connorvale, Houston, Texas. We are of the opinion that the appellant has sufficient evidence in his response to the appellees' motion for summary judgment to corroborate his affidavit and to raise the issue of whether or not he was served. We are of the further opinion that the evidence presented by the appellant in his affidavit is sufficient to overcome the presumption of regularity of service contained in the foreign judgment.

The judgment of the trial court is reversed and remanded for trial on the merits.

BASS and DYESS, JJ., participating.