**Robert Paul FUHRER, d/b/a Robert Paul Fuhrer Co., Appellant,**

v.

**William L. RINYU and Altype Mortgage Service Co., Inc., Appellees.**

No. 2356cv.

Court of Appeals of Texas, Corpus Christi.

Oct. 28, 1982.

Rehearing Denied Dec. 30, 1982.

Second Motion for Rehearing Denied Jan. 20, 1983.

Brian J. Almengual, Lapin, Totz & Mayer, Houston, for appellant.

Jerry Hamilton, Houston, for appellee.

Before NYE, C.J., and YOUNG and GONZALEZ, JJ.

## OPINION

GONZALEZ, Justice.

This is an appeal in a suit to enforce a foreign judgment. Robert Paul Fuhrer, d/b/a Robert Paul Fuhrer Co., appellant-plaintiff obtained a default judgment in the Common Pleas Court, Wayne County, Michigan, against William L. Rinyu and Altype Mortgage Service Co., Inc., appellee-defendants. Appellant then brought suit in Harris County, Texas against appellees based on the Michigan judgment. Appellees defended this suit on the basis that the Michigan judgment was void for the reason that service obtained on them in the Michigan proceeding was invalid.

In a trial without a jury in Texas, appellant's entire case consisted of the authenticated copy of the judgment from the Michigan court and an order authorizing issuance of an alias summons and service upon de-

fendants by first class mail. Prior to the issuance of this order, the Michigan court had found that the appellees were willfully evading service of process. In the trial in Texas, Rinyu testified that he was not "served" with process. The issue, however, is not whether appellees had notice of this suit in Michigan but whether appellees successfully rebutted the presumption of regularity of the Michigan judgment. We reverse and render.

On March 17, 1975, summons and pleadings were mailed to Altype Mortgage Service Company at its last known address in Michigan (appellee was an officer of Altype at the time in question). This mail was by certified mail, return receipt requested. It was returned undelivered. Appellant learned that Altype had gone out of business and that Rinyu had moved to Texas so on March 10, 1975, appellant's attorney sent summons and pleadings to the Sheriff of Harris County requesting service on both defendants at either of two addresses. The first such address was 3101 Las Palmas in Houston and the second address was 5353 Dora Lane in Houston. The Sheriff's return indicated that despite diligent attempts, service could not be affected on either defendant at either of the two addresses.

On May 2, 1975, appellant's attorney mailed by *certified mail, return receipt requested,* a copy of the summons and pleadings to W.L. Rinyu at both addresses. The documents sent to the Las Palmas address were *refused.* The documents sent to Dora Lane were returned indicating that the addressee was unknown. Along with mailing the documents by certified mail, return receipt requested, appellant's attorney mailed them by regular, first class mail to the Las Palmas address pursuant to a specially drafted order executed by the Michigan court, authorizing the issuance of an alias summons and service upon defendant by first class mail. This order was introduced into evidence in the Texas trial. It reads in pertinent part: "(3) That a copy of the alias summons and pleadings may be served on the individual defendant, William L. Rinyu,

by mailing the same to him at 3130 Las Palmas, Houston, Texas 77000, and *that the same shall be deemed to be service of process in this manner."* This letter was not returned.

■ It is well settled that when a final judgment of another state rendered by a court on the merits is properly authenticated, it must be given full faith and credit by every other state. This judgment is entitled to the same presumption of regularity in jurisdiction as a domestic judgment and such presumption can be overthrown only by clear and convincing evidence of want of jurisdiction. The burden of proof with respect to the jurisdiction of the court of a sister state to render judgment is ordinarily on the party claiming want of jurisdiction. *Roberts v. Hodges,* 401 S.W.2d 332 (Tex.Civ.App.—Amarillo 1966, writ ref'd n.r.e.); *Garman v. Reynolds,* 284 S.W.2d 262 (Tex.Civ.App.—Fort Worth 1955, writ ref'd); *Mendlovitz v. Samuels Shoe Co.,* 5 S.W.2d 559 (Tex.Civ.App.—San Antonio 1928, no writ); 50 C.J.S., Judgments, § 893 (1947).

■ The Michigan judgment appears on its face to be a valid, final and subsisting judgment rendered by a court of general jurisdiction. The introduction of an authenticated copy of that judgment made a prima facie case for appellant. Appellees then had the burden to establish that the Michigan court did not have jurisdiction. This they failed to do. Appellees offered no evidence to refute the findings of the Michigan court authorizing substituted service or the recitals in the judgment, nor did they show that the substituted service was invalid. There was no showing that the Michigan judgment was obtained by fraud or collusion or that the substituted service violated due process of law. We are therefore obliged by law to give full faith and credit to this Michigan judgment. Under these facts, it was error for the trial court to render judgment for appellees.

The judgment of the trial court is reversed and here rendered for appellant in the sum of Two Thousand Dollars and No/100 ($2,000.00) with 5% interest per annum from February 7, 1975.

## OPINION ON MOTION FOR REHEARING

On motion for rehearing, appellee contends that this Court erred in holding that where a foreign default judgment appears to be a valid, final, and subsisting judgment of a court of general jurisdiction, a presumption of validity and regularity exists which can only be overthrown by clear and convincing evidence of want of jurisdiction. Appellee cites four cases which seem to adopt the view that there are no presumptions in favor of a foreign default judgment. See *Bayne v. Heid,* 638 S.W.2d 40 (Tex.App.—Houston [1st Dist.] 1982, no writ); *Mathis v. Wachovia Bank & Trust Co.,* 583 S.W.2d 800 (Tex.Civ.App.—Houston 1979 [1st Dist] 1979, writ ref'd n.r.e.); *Jackson v. Randall,* 544 S.W.2d 439 (Tex.Civ.App.—Texarkana 1976, no writ); and *Country Clubs Inc., v. Ward,* 461 S.W.2d 651 (Tex.Civ.App.—Dallas 1970, writ ref'd n.r.e.). These cases conflict with the great weight of Texas authority and appear to confuse the various rules which apply to direct and collateral attacks on default judgments. This continuing confusion necessitates a review of the various rules.

Our research shows that three different rules are applicable, one for direct attacks on judgments, one for collateral attacks on Texas judgments, and still another for attacks on foreign states' judgments.

■ In *direct* attacks on default judgments, the rule is that no presumptions will be indulged in support of the judgment's validity. *McKanna v. Edgar,* 388 S.W.2d 927 (Tex.1965); *Stylemark Construction, Inc. v. Spies,* 612 S.W.2d 654 (Tex.Civ.App.—Houston [14th Dist] 1981, no writ); *Grasz v. Grasz,* 608 S.W.2d 356 (Tex.Civ.App.—Dallas 1980, no writ).

■ Where an attack is *collateral,* however, the above rule has no application. In an attack on a *Texas* default judgment, the rule is that a clear and definite recital in the judgment on jurisdictional matters is conclusive of the issues of jurisdiction, and imports absolute verity and no evidence of

any kind, not even the remainder of the record, will be considered in contradiction thereof, even though such evidence would show that jurisdiction was not, in fact acquired. *Treadway v. Eastburn,* 57 Tex. 209 (1881); *Imatani v. Marmolejo,* 606 S.W.2d 710 (Tex.Civ.App.—Corpus Christi 1980, no writ) and cases cited therein.

When an attack is on the judgment of another state, which is by its very nature a collateral attack, the rule is that recitals in the foreign judgment are presumed to be valid and the burden is on the attacker to produce evidence of lack of jurisdiction. *Mitchim v. Mitchim,* 518 S.W.2d 362 (Tex. 1975); *Hart v. Calkins Manufacturing Company, Inc.,* 623 S.W.2d 451 (Tex.Civ.App.— Texarkana 1981, no writ); *Lincoln Bank & Trust Co. v. Webb,* 620 S.W.2d 174 (Tex.Civ. App.—San Antonio 1981, no writ); *Callaway v. Mahaguna,* 620 S.W.2d 794 (Tex.Civ. App.—El Paso 1981, no writ); *Reiff v. McGuire,* 616 S.W.2d 349 (Tex.Civ.App.— Texarkana 1981, no writ); *Woolhouse v. Tolchin Instruments, Inc.,* 601 S.W.2d 106 (Tex.Civ.App.—Dallas 1980, no writ); *Colson v. Thunderbird Building Materials,* 589 S.W.2d 836 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.); *Still v. Liberty Leasing Co., Inc.,* 570 S.W.2d 93 (Tex.Civ.App.— Waco, rev'd and remanded); *Liberty Leasing Co., Inc. v. Still,* 582 S.W.2d 255 (Tex. Civ.App.—Houston [1st Dist.] 1979, no writ); *A & S Distributing Company, Inc. v. Providence Pile Fabric Corporation,* 563 S.W.2d 281 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.).

In the case before us, appellant's proof consisted of an authenticated copy of the judgment from the Michigan Court and an order authorizing issuance of alias summons and service upon the defendants by first class mail. Prior to the issuance of this order, the Michigan Court had found that the appellee was willfully evading service of process. Appellant also introduced the sheriff's return showing no service despite a diligent effort, and returned and refused certified letters. Our original opinion details the various methods of service attempted by appellant and their consequent lack of success. The Michigan Court's final judgment decrees "the Defendants have been served in the manner prescribed by statute, court rule, and order of this Court." Appellee, however, made no effort to show that the judgment was not final and subsisting or that the Court did not have jurisdiction to render it. *Mitchim v. Mitchim, supra.*

Appellee merely testified that he was "not served" with process and had no notice of the suit pending against him in Michigan. He did not introduce Michigan law to show that the Court had failed to comply with the appropriate statutes and rules. In our opinion, appellee's testimony did not rebutt the presumption in favor of the Michigan judgment or shifted the burden back to the appellant to prove compliance with Michigan law. But see, *Still v. Liberty Leasing Co., Inc., supra.*

In *Dowden v. Fischer,* 338 S.W.2d 534 (Tex.Civ.App.—Waco 1960, no writ) it was said "the burden of undermining the verity which (the foreign judgment) decrees import *rests heavily upon the assailant.*" (emphasis ours).

The appellee had the heavy burden of showing lack of jurisdiction. If Michigan law was violated, it was the appellee's burden to show how, and we hold that his burden could only be met with clear and convincing evidence of want of valid service.

It is sometimes held that Texas law is presumed to be the law of the foreign jurisdiction when foreign law is not introduced. *Lincoln Bank & Trust Co. v. Webb, supra.* It has, however, also been held that the presumed validity of a foreign judgment cannot be overthrown by the presumption that foreign law is the same as that of Texas. *Dowden, supra.* Compare *Moorhead v. Transportation Bank of Chicago, Ill.,* 62 S.W.2d 184 (Tex.Civ.App.—Amarillo 1933, no writ). This being the case, the burden was on appellee to introduce Michigan law and to show noncompliance with the appropriate statutes and rules. Appellee failed to do this. We adhere to our original disposition.

Appellee's motion for rehearing is over-ruled.