**In the Matter of R.G., JR., a Child.**

**No. 13–92–261–CV.**

Court of Appeals of Texas,
Corpus Christi.

Sept. 15, 1993.

Jose Antonio Gomez, Edinburg, for appellant.

Theodore C. Hake, Cynthia A. Morales, Rene Guerra, Edinburg, for appellee.

Before NYE, C.J.,[1] and DORSEY and GILBERTO HINOJOSA, JJ.

1. Former Chief Justice, retired April 30, 1993.

## OPINION

DORSEY, Justice.

This is an appeal from an order of a juvenile court waiving jurisdiction and transferring several felonies to a criminal district court for prosecution. The juvenile court waived jurisdiction and transferred three of the seven offenses alleged, and dismissed the remaining four. The minor, R.G., appeals directly from the order transferring. The appellant principally maintains that the trial court erred by approving the State's untimely dismissal of four of the offenses alleged. He contends that as a result, the court retained jurisdiction over those four offenses, and thus improperly transferred the other three. He also complains of the sufficiency of the evidence to support the transfer of one alleged offense.

Appellant R.G. was accused of participating in a drive-by shooting, killing one person and attempting to murder five others. Being only 16 years of age at the time, charges were originally filed against him in juvenile court. The State, seeking to prosecute the child as an adult, filed a petition for discretionary transfer to criminal district court, alleging there was probable cause to believe that R.G. committed the felony offenses of two counts of murder (of the same individual) and five counts of attempted murder of five other persons.

The court held a hearing on the discretionary transfer of the seven offenses. The State presented evidence of the two counts of murder of Josue Padilla, and of the attempted murder of Jose Pantoja. The State produced no evidence to substantiate the allegations of the four remaining attempted murders. After the presentation of evidence and the close of arguments, the State waived and abandoned the unsubstantiated attempted murders.

The trial court entered a Waiver of Jurisdiction and Order of Transfer to Criminal District Court. In the order, the juvenile court waived jurisdiction over the two murder counts and the attempted murder of Jose Pantoja, and dismissed the remaining charges, four attempted murder counts. The juvenile court waived jurisdiction and transferred it in accordance with TEX.FAMILY CODE ANN. § 54.02 (Vernon 1986 & Supp. 1993), that allows such to be done under certain circumstances.[2]

■ By points one and two Appellant asserts the transfer was ineffectual because the juvenile court may not retain jurisdiction as to some offenses and transfer jurisdiction over others to the criminal district court. The proposition of law is correct. In *Richardson v. State*, 770 S.W.2d 797 (Tex.Crim. App.1989), the Court of Criminal Appeals held that if the juvenile court retains jurisdiction over any of the charges alleged in the state's motion to transfer, the child is not

**2.** Section 54.02 provides, in pertinent part,

(a) The juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if:

(1) the child is alleged to have violated a penal law of the grade of felony;

(2) the child was 15 years of age or older at the time he is alleged to have committed the offense and no adjudication hearing has been conducted concerning that offense; and

(3) after full investigation and hearing the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged and that because of the seriousness of the offense or the background of the child the welfare of the community requires criminal proceedings.

\*    \*    \*    \*    \*    \*

(f) In making the determination required by Subsection (a) of this section, the court shall consider, among other matters:

(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;

(2) whether the alleged offense was committed in an aggressive and premeditated manner;

(3) whether there is evidence on which a grand jury may be expected to return an indictment;

(4) the sophistication and maturity of the child;

(5) the record and previous history of the child; and

(6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available in the juvenile court.

subject to adult criminal prosecution for the offenses alleged in the petition, relying on the plain language of section 54.02(g) of the Texas Family Code.

■ However, in the instant case the juvenile court did not retain jurisdiction over any charges alleged in the petition to transfer; it dismissed those charges. The order transferring recites: "The Court heard the State's Motion to Waive and Abandon and hereby grants the State's Motion to Waive and Abandon and hereby *dismisses the following counts:*" and then stated the counts it was dismissing. (emphasis ours unless otherwise noted.)

The juvenile court may adjudicate delinquency, dismiss charges pending in it against a juvenile, or it may waive its jurisdiction over the juvenile in favor of prosecution as an adult in district court. Here it waived its jurisdiction as to some charges and dismissed as to others. We hold it did not retain jurisdiction over the charges dismissed.

This holding is consistent with all cases the parties have cited and that we have found. In *Turner v. State*, 796 S.W.2d 492 (Tex. App.—Dallas 1990, no writ), the court of appeals reversed the original transfer from juvenile court because that court attempted to retain jurisdiction over one offense charged. On remand the state sought again to certify the juvenile to stand trial as an adult, and non-suited certain allegations in the juvenile court. The crimes not non-suited were transferred by the court to the criminal district court for indictment and trial. The court of appeals held that a juvenile court which originally retains jurisdiction as to any count alleged in a certification petition is not precluded from later non-suiting the count and relinquishing jurisdiction over the case. Recertification was proper.

In an unpublished case decided by this court, we held a failure of the juvenile court to waive jurisdiction on all offenses alleged in the Motion to Transfer resulted in the court retaining jurisdiction on some. As the juvenile court may not both retain jurisdiction on some crimes and waive on others, the order transferring was reversed. A subsequent attempted non-suit of the retained juvenile charges *after the order transferring jurisdic-*

*tion was entered* was ineffective to retroactively vest the criminal court with jurisdiction.

In this case, the court did not retain jurisdiction over the abandoned charges which were dismissed; therefore the transfer order covered all pending charges and was effective to transfer jurisdiction to the District Court.

Points one and two are overruled.

By point of error three appellant claims the court erred in dismissing several counts because the State's motion for nonsuit was not timely.

At the conclusion of the State's presentation of evidence and after its closing argument, the State moved to dismiss and abandon four of the five counts of attempted murder. Appellant contends, applying TEX. R.CIV.P. 162, that this motion came too late, as it should have been lodged prior to the introduction of the State's entire case. The State draws our attention to TEX.CODE CRIM. PROC.ANN. art. 32.02 (Vernon 1989), which approves the dismissal of criminal actions at any time with the consent of the trial court.

■ The juvenile court has exclusive jurisdiction over a child until it properly certifies its action and waives jurisdiction in accord with the provisions of TEX.FAM.CODE ANN. § 54.02 (Vernon 1986 & Supp.1993). *Vasquez v. State*, 739 S.W.2d 37, 42 (Tex. Crim.App.1987); *Robinson v. State*, 707 S.W.2d 47, 48 (Tex.Crim.App.1986). As such, the provisions of the Texas Code of Criminal Procedure do not apply until a defendant is certified as an adult and is transferred to criminal court. *Robinson*, 707 S.W.2d at 49. We apply the Rules of Civil Procedure in their stead. *See* TEX.FAM.CODE ANN. § 51.17 (Vernon 1986).

■ TEX.R.CIV.P. 162 provides, "At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a nonsuit.…" The rule was amended in 1988; the Comment to the amendment states that the purpose of this rule is to fix a definite time after which a party may not voluntarily dismiss or non-suit the cause of action.

Plaintiff's right to non-suit or dismiss is well recognized and subject to few limitations. *Hoodless v. Winter,* 16 S.W. 427, 428 (Tex. 1891); 5 MCDONALD TEXAS CIVIL PRACTICE §§ 27.39, 27.40, 27.41 (1992). The non-suit or dismissal is effective at the time it is filed. An oral non-suit is effective at the time of the non-suit and signing of an order granting it is purely ministerial. *Greenberg v. Brookshire,* 640 S.W.2d 870, 872 (Tex.1982). No particular procedure is required. *Id.; Strawder v. Thomas,* 846 S.W.2d 51 (Tex. App.—Corpus Christi 1992, no writ). Rule 162 contemplates dismissal at any time prior to the closing of the plaintiff's evidence during a trial on the merits. At the transfer hearing, the State spoke of "abandoning" the four attempted murder charges. TEX. R.CIV.P. 165 permits abandonment of claims; however, the rule has been interpreted to require abandonment *"before* but not *after* trial of the cause and entry of the judgment." *Person v. Latham,* 582 S.W.2d 246, 250 (Tex. Civ.App.—Beaumont 1979, writ ref'd n.r.e.) (emphasis in original). This is the same requirement as for non-suit.

A hearing on the State's Petition for Discretionary Transfer to Criminal Court is not a trial on the merits. *In the Matter of D.W.L.,* 828 S.W.2d 520, 524–25 (Tex.App.— Houston [14th Dist.] 1992, no writ); *J.D.P. v. State,* 609 S.W.2d 868, 870 (Tex.Civ.App.— Texarkana 1980, no writ); *In the Matter of S.E.C.,* 605 S.W.2d 955, 957 (Tex.Civ.App.— Houston [1st Dist.] 1980, no writ); *B.R.D. v. State,* 575 S.W.2d 126, 131 (Tex.Civ.App.— Corpus Christi 1979, writ ref'd n.r.e.); *In the Matter of Honsaker,* 539 S.W.2d 198, 201 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.). The State's dismissal of the additional four murder charges was, therefore, timely. Point of error three is overruled.

By point of error four, appellant contends that the trial court erred by waiving jurisdiction over the count of attempted murder of Jose Pantoja and transferring it to criminal district court. Specifically, he asserts that no evidence existed to show that appellant attempted to murder Jose Pantoja.

The sole evidence of appellant's attempt to murder Pantoja was elicited from McAllen police officer Samuel Herrera, Jr., who was assigned to investigate this incident. He testified:

Q: How did you become involved in this case?

A: I was assigned to investigate a criminal type of murder with Investigator Rick Tamez.

\*　　\*　　\*　　\*　　\*　　\*

Q: And can you identify the victims or victim involved?

A: The victims, yes, I can.

Q: Could you recite them for the Court, please.

A: The victim, the deceased was—his name was Josue—Josue. The—Well, the witnesses last victims were Joe Pantoja. I'm not too familiar with the other girls because Investigator Tamez is the one that dealt with them mostly.

Q: And how—how is this—How are the allegations? In what manner was this murder and attempted murder acted or committed?

A: The crime from when I initially got the investigation was a shooting, so called a drive-by shooting.

\*　　\*　　\*　　\*　　\*　　\*

Q: When you made your investigation of this case, how did you identify that [R.G.] was the person who committed this offense?

A: From statements given from the other occupants who were inside the vehicle.

\*　　\*　　\*　　\*　　\*　　\*

Appellant maintains that Herrera's testimony is "vague, equivocal, and not sufficient under Article (sic) 54.02." We find that from a reading of the whole record, while the officer's testimony may be a bit jumbled, the trial court could well have found probable cause to believe that the appellant engaged in a drive-by shooting, firing a gun at Padillo, Pantoja, and others. Padilla was killed; appellant does not dispute the evidence establishing this. Pantoja and appellant's other targets survived. The trial court properly found probable cause to believe that appellant committed the offense with which he had been charged, and that a grand jury may be

expected to return an indictment with regard to appellant's attempted murder of Pantoja.

Appellant R.G. does not dispute that there is sufficient evidence on which a grand jury may be expected to return an indictment on the charge of murder of Josue Padilla. When multiple offenses are charged, the court need only find the probability of grand jury indictment on one of the charged crimes to justify a transfer order. *In the Matter of C.C.G.*, 805 S.W.2d 10 (Tex.App.—Tyler 1991, writ denied; *In the Matter of K.A.H.*, 700 S.W.2d 782, 785 (Tex.App.—Fort Worth 1985, no writ); *Thompson v. State*, 552 S.W.2d 618, 620 (Tex.Civ.App.—Austin 1977, no writ). Therefore, appellant's complaint on both parts of this issue is without merit. Point of error four is overruled.

The judgment is AFFIRMED.

Former Chief Justice PAUL W. NYE not participating.