CV4-770 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00770-CV







In the Matter of J. F.







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-14,287, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING







PER CURIAM



 J. F. appeals from the order waiving juvenile court jurisdiction over him and
transferring him to the criminal district court of Travis County for trial as an adult. Tex. Fam.
Code Ann. § 54.02 (West 1986 & Supp. 1995) (1) (the Code). Appellant brings two points of error,
contending that the juvenile court erred in waiving jurisdiction over him because the court: (1)
did not find probable cause to believe that appellant had committed each charged offense; and (2)
did not specify its reasons for waiving jurisdiction. We will modify the juvenile court's order,
and as modified, affirm.



Disposition of Each Offense


 The State's first amended original petition alleged that appellant committed
aggravated robbery and robbery. The statement of facts from the hearing shows that the court
expressly found no probable cause (2) for the aggravated robbery offense. The court concluded the
hearing by stating that it "respectively [sic] waives its jurisdiction and transfers this case to the
adult criminal court." The court's final order, however, did not expressly and affirmatively
dismiss the armed robbery offense. However, the court struck through (3) each occurrence of "acts"
or "offenses" in the typewritten judgment, changed those words to "robbery," and further changed
the necessary verbs to agree with a singular noun. The court also deleted the finding of use of a
deadly weapon. 

 If the State's petition to waive jurisdiction and transfer a juvenile to adult court
charges multiple offenses, the juvenile court must expressly dispose of each alleged offense. In re
R. A. G., 866 S.W.2d 199 (Tex. 1993). The juvenile court may transfer only those offenses
which it finds probable cause to believe were committed, and must dismiss the others. Id. If the
juvenile court fails to state on the record its disposition of a particular charge, the reviewing court
cannot presume that the lower court declined to exercise its jurisdiction as to that charge. Id.;
Richardson v. State, 770 S.W.2d 797, 799 (Tex. Crim. App. 1989). In such a case, the juvenile
court retains jurisdiction over all offenses alleged in the petition, and the transfer order may be
set aside. R. A. G., 866 S.W.2d at 199; Richardson, 770 S.W.2d at 799.

 The question presented is whether the court's order adequately disposed of each
offense to allow a complete waiver of juvenile court jurisdiction and transfer appellant to criminal
court. In this cause, an express dismissal of a charge did not occur. See In re R. G. Jr., 865
S.W.2d 504, 507 (Tex. App.--Corpus Christi 1993, no writ) (order recited that certain enumerated
offenses were dismissed). An express non-suit by the State of a charge did not occur. Id. 
However, we are not presented with the ambiguous situation of R. A. G., in which the court's
finding of probable cause referred to one offense in the singular and then listed three offenses
using the disjunctive. R. A. G., 866 S.W.2d at 199. It was not possible in R. A. G. to ascertain
to which offense the finding of probable cause applied or whether probable cause was found for
all three offenses. We think the effect of the deletions and interlineations in the order in this cause
distinguishes it from R. A. G. See Hart v. Calkins Mfg. Co., Inc., 623 S.W.2d 451 (Tex.
App.--Texarkana 1980, no writ). (4) 

 This cause does not present the ambiguous situation of R. A. G.. We think the
court's intent is clear enough that we are not improperly presuming a waiver of jurisdiction and
can give effect to the juvenile court's intent to waive jurisdiction and transfer the juvenile on the
robbery offense and to dismiss the armed robbery offense. Therefore, we modify the juvenile
court judgment to expressly dismiss the aggravated robbery charge. Tex. R. App. P. 80(b). We
overrule point of error one.

Reasons for Waiving Jurisdiction


 In point of error two, appellant contends that the court failed to specify its reasons
for waiving jurisdiction as mandated by the Family Code. Code § 54.02(h). A juvenile court
may waive its jurisdiction and transfer a child to criminal district court if: (1) the child was
alleged to have violated a penal law of the grade of felony; (2) the child was fifteen years of age
or older at the time of the offense and no adjudication hearing had been conducted concerning that
offense; and (3) after full investigation and hearing the juvenile court determined that there is
probable cause to believe that the child committed the offense alleged and because of the
seriousness of the offense or the background of the child the welfare of the community requires
criminal proceedings. Code § 54.02(a). The Code sets out six factors for the court to consider
in making its transfer determination. Code § 54.02(f). Although the court must consider these
six factors, it does not have to find that the evidence establishes each factor. See In re C. C. G.,
805 S.W.2d 10, 15 (Tex. App.--Tyler 1991, writ denied).

 Appellant relies on Kent v. United States, 383 U.S. 541 (1966), to support his
argument that the order is inadequate to waive jurisdiction because it is not specific enough in
listing its reasons. In Kent, however, the order simply stated that "after full investigation, I do
hereby waive jurisdiction of petitioner." Id. at 546. The order in this cause is much more
specific than the order in Kent. It closely resembles orders upheld in In re T. D., 817 S.W.2d
771, 777 (Tex. App.--Houston [1st Dist.] 1991, writ denied) and in In re Honsacker, 539 S.W.2d
198, 200 (Tex. Civ. App.--Dallas 1976, writ ref'd n.r.e.). The order is specific enough to allow
the appellate court to review and understand the reasons for the juvenile court's determination. 
Casiano v. State, 687 S.W.2d 447, 449 (Tex. App.--Houston [14th Dist.] 1985, no writ). We
overrule point of error two.

 We modify the juvenile court's order to reflect a dismissal of the aggravated
robbery offense. As modified, we affirm the juvenile court's order.


Before Justices Powers, Kidd and B. A. Smith

Modified and, as Modified, Affirmed

Filed: August 16, 1995

Do Not Publish

1. [1] The recent revisions to the Family Code, effective April 20, 1995, do not affect this section. 
See Act of April 6, 1995, 74th Leg., R.S., ch. 20, sec. 1, 1992 Tex. Sess. Law Serv. 113, 282
(West).
2. [2] Before a juvenile court waives its jurisdiction and transfers a cause to criminal court, it must
find probable cause to believe the juvenile committed the alleged offense. Code § 54.02(a)(3).
3. [3] The trial judge initialed all but one of the deletions and interlineations.
4. [4]  In the judgment in Hart, the court had crossed out one amount specified for damages and
interlineated a different amount. 623 S.W.2d at 452. In attempting to defeat enforcement of the
judgment, the appellant contended that the alterations in the judgment made it irregular on its face
and defeated any presumption of regularity. Id. The court noted that the alteration appeared to
have been made on the original. Id. at 453. The court held that the alteration of the typewritten
text did not impugn the validity of the judgment absent evidence that the alteration itself was
improper. Id. Similarly, in this cause there is neither an allegation of impropriety in the
rendition of the judgment nor any question that the alterations appeared on the original judgment.