Matter of G.J.F. 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00401-CV







In the Matter of G. J. F.







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 94-032-J368, HONORABLE BURT CARNES, JUDGE PRESIDING







 The State accused appellant G.J.F., a juvenile, of murdering Bettie Gay Beall. 
After a juvenile certification hearing, the juvenile court waived its jurisdiction and ordered that
G.J.F. be tried as an adult. By three main arguments and ten points of error, G.J.F. appeals. We
will affirm the trial court's judgment.



BACKGROUND


 The Round Rock Police Department discovered the body of Bettie Gay Beall on
April 20, 1994 in Round Rock, Texas. Officers charged G.J.F. with the murder. On May 5,
1994, the State filed its original petition seeking transfer from the juvenile court of Williamson
County to the Williamson County district court. On June 8, 1994, the State added the offense of
aggravated robbery to its original petition.

 G.J.F. served the State with his first set of interrogatories and with a request for
production. The State did not respond, and on June 9 and 10, 1994, G.J.F. filed a motion for
sanctions and a motion to compel. After the transfer hearing held on June 22, 1994, the court
certified G.J.F. as an adult. At the criminal trial, G.J.F. was found guilty of murder and was
sentenced to life in prison. G.J.F. contends that the trial court erred by (1) ruling that the civil
rules of discovery do not govern juvenile certification hearings, (2) admitting a diagnostic study
and social evaluation into evidence, and (3) refusing to admit into evidence the records used to
compile a report produced by the State.



DISCUSSION


 In his first point of error, G.J.F. argues that the juvenile court erred by holding that
the discovery rules of the Texas Rules of Civil Procedure do not control in a juvenile certification
hearing. In essence, G.J.F. complains that the State's failure to timely comply with his discovery
requests adversely affected his ability to prepare for the hearing, thereby prejudicing his
constitutional rights.

 Except when they conflict with a provision of the Texas Family Code, the Texas
Rules of Civil Procedure govern juvenile proceedings. Tex. Fam. Code Ann. § 51.17 (West
1986); (1) see In re R.G., Jr., 865 S.W.2d 504, 507 (Tex App.--Corpus Christi 1993, no writ). 
Family Code section 54.02(e) expressly provides the timing for release of the State's evidence the
court considers at a transfer hearing: "At least one day prior to the transfer hearing the court
shall provide the attorney for the child with access to all written matter to be considered by the
court in making the transfer decision." Tex. Fam. Code. Ann. § 54.02(e) (West 1986) (emphasis
added). In accordance with this rule, the juvenile court ordered that G.J.F.'s attorney be given
access to all written evidence, a witness list, and a testimony summary at least twenty-four hours
before the hearing.

 Many jurisdictions allow courts to limit the scope of discovery in juvenile cases:



Although section 51.17 of the Code provides that the Texas Rules of Civil
Procedure govern proceedings involving delinquent children and children in need
of supervision, it is doubtful whether all the discovery procedures available under
the rules are applicable. Although we find no Texas authority on this question,
courts in other jurisdictions have held that the trial judge may restrict the scope of
discovery more in a juvenile case than in other civil cases. 



T.P.S. v. State, 590 S.W.2d 946, 954 (Tex. Civ. App.--Dallas 1979, writ ref'd n.r.e.) (citations
omitted). G.J.F. nonetheless complains that he was deprived of effective assistance of counsel
due to the court's limitation of discovery. We disagree. A juvenile certification hearing is not
a trial on the merits and does not serve to determine guilt or innocence, but merely allows the
court to determine whether the best interests of the child and society are served by trying the
juvenile as an adult. In re R.G.S., 575 S.W.2d 113, 118 (Tex. Civ. App.--Eastland 1978, writ
ref'd n.r.e.). G.J.F.'s counsel was given the opportunity to review the evidence presented at the
hearing in accordance with section 54.02(e) of the Texas Family Code, which controls in this
situation. We overrule G.J.F.'s first point of error.

 In his next seven points of error, G.J.F. argues that the trial court erred by
admitting into evidence Petitioner's Exhibit No. 1, which contained the following: (1) a complete
diagnostic study; (2) a description of the circumstances surrounding the alleged offense; (3) a
social evaluation and full investigation of the child and his circumstances; (4) a list of disposition
options and recommendations; and (5) relevant attachments. (2) G.J.F. contends that all or parts of
the exhibit should not have been admitted for the following reasons: (1) admission of the exhibit
violates rules 101(b), 403, 404, 509, 510, and 901 of the Texas Rules of Civil Evidence; (3) and (2)
admission of the exhibit violates his due process and equal protection rights under Texas
Constitution Article 1, sections 3, 3(a), 10, and 19 and under the United States Constitution's
Fifth, Sixth, and Fourteenth amendments.

 We find these arguments to be without merit. Texas Family Code section 54.02(d)
expressly provides: "Prior to the [certification] hearing, the juvenile court shall order and obtain
a complete diagnostic study, social evaluation, and full investigation of the child, his
circumstances, and the circumstances of the alleged offense." Tex. Fam. Code Ann. § 54.02(d)
(West 1986). We have held that certain sections of the Family Code, including section 54.02(e),
preempt application of the rules of evidence to social history reports and that "the statutory design
of the Family Code manifests a legislative intent not to restrict the information received in these
non-adjudicative juvenile proceedings by strict application of the rules of evidence." In re A.F.,
895 S.W.2d 481, 485 (Tex. App.--Austin 1995, no writ). In addition, we have explicitly agreed
with our sister court's decision in In the Matter of J.R.C., 551 S.W.2d 748, 752 (Tex. Civ.
App.--Texarkana 1977, writ ref'd n.r.e.), in which the court, for similar reasons, overruled a
hearsay challenge to the use of a social history report in a juvenile certification hearing. A.F.,
895 S.W.2d at 485.

 Because the purpose of a juvenile certification hearing is not to determine guilt or
innocence, the use of psychiatric evaluations violates neither the U.S. nor the Texas Constitution. 
See L.M.C. v. State, 861 S.W.2d 541 (Tex. App.--Houston [14th Dist.] 1993, no writ) (holding
that juvenile's rights under U.S. and Texas constitutions were not abridged by use of confession
because hearing did not determine guilt or innocence); In re J.T.H., 779 S.W.2d 954 (Tex.
App.--Austin 1989, no writ) (holding that juvenile's right to state and federal equal protection are
not denied by juvenile adjudication); A.D.P. v. State, 646 S.W.2d 568 (Tex. App.--Houston [1st
Dist.] 1982, no writ) (holding psychiatric report admissible in juvenile certification hearing and
Fifth and Sixth Amendment rights not violated because hearing does not determine guilt or
innocence); G.R.L. v. State, 581 S.W.2d 536 (Tex. Civ. App.--Dallas 1979, no writ) (holding that
judge's consideration of social evaluation at transfer hearing does not violate constitutional due
process concerns or deny juvenile's right of confrontation because certification hearing is not
adjudicational in nature). Accordingly, we overrule G.J.F.'s second, third, fourth, fifth, sixth,
seventh, and eighth points of error.

 Finally, in his ninth and tenth points of error G.J.F. argues that the trial court erred
by refusing to admit Respondent's Exhibit 2, which consisted of some of the State's files relating
to the case. Family Code section 51.14(a) requires that G.J.F.'s attorney be allowed to inspect
these files: "[A]ll files and records of a juvenile court, a clerk of court, or a prosecuting attorney
relating to a child who is a party to a proceeding under this title are open to inspection only by
. . . an attorney for a party to the proceeding." Tex. Fam. Code Ann. § 51.14(a) (West Supp.
1995) (emphasis added). In accordance with this statute, the State allowed G.J.F.'s attorney to
inspect its records. Because the State did not object to that inspection, G.J.F. now maintains that
it waived its work product privilege and that the files should have been admissible at trial. We
disagree. "Section 51.14 is not a discovery provision. It is clearly designed to preserve the
traditional confidentiality of files and records concerning juvenile proceedings. . . . Section 51.14
places limitations on public access to files and records concerning juveniles." In re W.R.M., 534
S.W.2d 178, 180 (Tex. Civ. App.--Eastland 1976, no writ). Only if portions of the files were
properly admitted in evidence could G.J.F. have used them at trial; the Family Code does not
contemplate a transferred juvenile's use of the State's confidential files at trial when similar
information is unavailable to adult criminal defendants. The fact that the State complied with a
statute without objection should not enable G.J.F. to circumvent the normal limitations on
discovery and obtain unlimited access to confidential work product. We overrule G.J.F.'s ninth
and tenth points of error.

 The judgment of the trial court is affirmed.



 

 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: August 16, 1995

Do Not Publish
1.   The Family Code has recently been recodified. See Act of Apr. 20, 1995, 74th Leg.,
R.S., ch. 20, § 1, 1995 Tex. Sess. Law. Serv. 113 (West). However, the Act does not affect
any proceeding that was pending on the date of its enactment; these proceedings are governed
by the law at the time the proceeding was commenced. Id. § 3(a). We therefore cite to the
former Family Code in this opinion.
2.   The attachments include: the medical examiner's report and death certificate on the
victim, a forensics report, G.J.F.'s statement, G.J.F.'s high school discipline report, and
G.J.F.'s psychological test results.
3.   Rule 101(b) defines the scope of the Rules of Evidence; rule 403 allows the exclusion
of otherwise admissible evidence when its probative value is outweighed by its prejudicial
effect; rule 404 generally excludes character evidence that is introduced to prove a person
acted in conformity therewith; rule 509 defines the physician/patient privilege; rule 510
defines the confidentiality of mental health information; and rule 901 requires that
documents be authenticated or identified in order to be admissible.