In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00142-CR
______________________________


WILLIE THERON DENNIS, JR., Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 026235-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

          Willie Theron Dennis, Jr., has filed a motion asking this Court to dismiss his appeal. Dennis
has personally signed the motion. Pursuant to Tex. R. App. P. 42.2(a), we grant the motion.
            We dismiss the appeal.            
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice 

Date Submitted:          March 8, 2005
Date Decided:             March 9, 2005

Do Not Publish                                   




>SCOTT FERGUSON AND IN THE INTEREST OF
TRACY FERGUSON, MINOR CHILD
 


                                              

On Appeal from the 62nd Judicial District Court
Hopkins County, Texas
Trial Court No. CV20655


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss


O P I N I O N

            Some twenty-four years after the divorce of Ella Mae Ferguson Jones and Scott Ferguson,



their divorce decree has been supplemented by a quartet of QDROs


 in a quarrel over Ferguson's
retirement funds. We are presented with the resulting quandary.
            The 1980 divorce decree between Jones and Ferguson, predating theQDROs, described
generally how Ferguson's retirement funds were to be divided once he retired. As Ferguson neared
retirement, Jones' efforts to obtain her desired portion of those funds has resulted in four successive
QDROs. From the trial court's last QDRO (QDRO Four), providing Jones seven forty-sevenths of
Ferguson's retirement funds, Jones appeals. We affirm QDRO Four because we hold (1) we have
jurisdiction to decide this appeal, and (2) QDRO Four properly clarified the intent of the original
division of the retirement funds. First, we examine the contents of the decree and the four QDROs. 
Then we address the issues.



The Orders
            The April 18, 1980, divorce decree awards Jones that percentage of Ferguson's retirement
funds "equal to seven (7) divided by the number of years worked for the State of Texas, upon his
retirement." This language was as clear as could be expected, considering that Ferguson's retirement
date was then unknown.


 As originally drafted, the decree bore a numerator of twelve and one half,
but that was changed by hand to "seven."



            QDRO One, dated October 2, 2002, provided that Ferguson's retirement distribution was to
be multiplied "by a fraction, the numerator of which is 7 and the denominator of which is the total
number of creditable years of service that [Teachers' Retirement System] determines has been
acquired by [Ferguson] at the time of distribution." This QDRO was entered at Jones' request and
grants her precisely the relief she requested, using her language. No appeal was taken from that
order, and no other motion was filed that would extend the plenary power of the trial court. QDRO
One thus became final thirty days later, November 2, 2002.
            Each of QDRO Two, dated December 23, 2002, and QDRO Three, dated April 17, 2003,
spends in excess of a fully typewritten page describing how Ferguson's retirement is to be divided. 
Neither QDRO Two nor QDRO Three can be correctly described as clarifying either the original
decree or QDRO One, as the two later QDROs provide markedly different and more complex
division formulas and address new and previously unstated conditions and situations.
            QDRO Four, dated December 22, 2003, provided that Jones be paid seven forty-sevenths of
Ferguson's retirement benefit. QDRO Four is the subject of this appeal.
1. We Have Jurisdiction To Decide this Appeal
            Ferguson first suggests that no appeal can be taken from QDRO Four. He reasons that
QDRO Two (signed December 23, 2002) constituted the final judgment of the trial court and that
the motion for new trial thereafter filed was untimely (which would be true), thus the trial court's
plenary power terminated before any further orders could be entered, and any subsequent order is
a nullity.
            A trial court has continuing jurisdiction to enter a QDRO permitting payments of retirement
benefits when they become payable. See Tex. Fam. Code Ann. § 9.101 (Vernon 1998). The trial
court may render such an order if none has been previously entered. See Tex. Fam. Code Ann. §
9.103 (Vernon 1998). If the QDRO in place does not "satisfy the requirements of a [QDRO] . . . the
court retains continuing, exclusive jurisdiction over the parties and their property to the extent
necessary to render" one. Tex. Fam. Code Ann. § 9.104 (Vernon 1998).
            Although these sections allow a trial court to create a QDRO where none exists, or to correct
language in a QDRO that renders it defective, they do not permit a court to substantively change a
property division. A court may not amend, modify, alter, or change the division of property made
or approved in the decree of divorce. Tex. Fam. Code Ann. § 9.007(a) (Vernon 1998); Marshall
v. Priess, 99 S.W.3d 150, 157 (Tex. App.—Houston [14th Dist.] 2002, no pet.); see also McPherren
v. McPherren, 967 S.W.2d 485, 490 (Tex. App.—El Paso 1998, no pet.); Dechon v. Dechon, 909
S.W.2d 950, 956 (Tex. App.—El Paso 1995, no writ). Altering the substantive division of property
made in a final divorce decree is beyond the power of the trial court, and such a change is
unenforceable. Tex. Fam. Code Ann. § 9.007(b) (Vernon 1998); In re Marriage of McDonald, 118
S.W.3d 829, 832 (Tex. App.—Texarkana 2003, pet. denied).
            Section 9.007 of the Texas Family Code is typically read in tandem with Section 9.008. See
Tex. Fam. Code Ann. § 9.008 (Vernon 1998). Under Section 9.008, a QDRO that is not defective,
but is so abstruse as to be difficult to implement or enforce, is treated as requiring clarification, and
is not handled under the subchapter controlling the creation or implementation of a QDRO. Shanks
v. Treadway, 110 S.W.3d 444, 449 (Tex. 2003); see Marshall, 99 S.W.3d at 155–62.



            Thus, Section 9.103 of the Texas Family Code allows creation of a QDRO, Section 9.104
allows correction of a QDRO that is defective, and Section 9.008 allows clarification of a QDRO
that is technically adequate but for some reason needs to be made clearer.
            We conclude QDRO Four clarifies QDRO One. The purpose of clarification is to enforce
compliance with the original division of property. In this case, QDRO Four clarified the benefit
division of QDRO One after Ferguson's retirement date occurred and the exact formula became
known. Therefore, under Section 9.008, clarification was available, and the trial court had the
authority to render QDRO Four.
            QDRO One ordered payment of seven divided by the years of creditable service earned at the
time of distribution. Motions to clarify or otherwise change the outcome were filed. QDRO One
was not completely clear, because the complete numbers were not supplied. QDROs Two and Three
both did much more than just clarify QDRO One, and thus cannot be valid orders of the trial court. 
QDRO Four provides exact numbers for calculation. Thus, QDRO Four is indeed the final, clarified
order, and the appeal is properly before this Court. We now turn to Jones' issues raised on appeal.
2. QDRO Four Was a Proper Clarification of the Intent of the Original Division of the Retirement 
 Funds

            Jones attacks QDRO Four in two principal ways, by attacking its specified numerator, seven,
and then attacking the QDRO more generally, but essentially addressing its specified denominator,
forty-seven. We address each in turn. Before issuing QDRO Four, the trial court stated in a letter
to counsel that, after re-reviewing the pertinent cases, it determined it was required to use the
formula—seven forty-sevenths—derived from the original decree. We agree.
 
 
            a. The Numerator
            Jones contends the trial court erred in QDRO Four by using the wrong number as the
numerator. The original decree bears a typewritten numerator, "twelve and one half," which Jones
says was mysteriously struck by hand, and "seven" substituted in its place. Jones points to her own
1980 testimony to show twelve and one half was the numerator she "agreed to," and says she did not
remember the number seven being discussed or written into the judgment. She argues that the
handwritten numerator in the decree was necessarily invalid and should not have been used by the
trial court in "clarifying" the decree with QDROs One or Four.



            But, while the change to the decree is obvious, there is no evidence the change was made by
anyone other than the trial court while it had the power to do so. Therefore, the presumption of the
decree's validity stands, with "seven" as the numerator. See Hart v. Calkins Mfg. Co., 623 S.W.2d
451, 452 (Tex. App.—Texarkana 1981, no writ) (judgment with penned edit, presumed valid); see
also Cook v. Cook, 888 S.W.2d 130, 132 (Tex. App.—Corpus Christi 1994, no pet.) (entered
judgment is presumptively as intended by court).
            Also, a party to a suit is charged by law with notice of all orders and judgments rendered in
the suit. K & S Interests, Inc. v. Tex. Am. Bank/Dallas, 749 S.W.2d 887 (Tex. App.—Dallas 1988,
writ denied). The traditional rule has been that, once a trial court properly gains jurisdiction over
a party, that party is expected to keep informed of the proceedings and any judgment rendered in the
case. Id.; Thomason v. Freberg, 588 S.W.2d 821, 825 (Tex. Civ. App.—Corpus Christi 1979, no
writ). Although this typically addresses whether a party has notice of proceedings in a case, it also
applies, necessarily, to the contents of the judgment.
            If an appeal is not timely perfected from a divorce decree, res judicata bars a subsequent
collateral attack on the decree. See Baxter v. Ruddle, 794 S.W.2d 761, 762 (Tex. 1990). The decree
is final and has been for over twenty years. We are neither authorized by law nor inclined by equity
to authorize a collateral attack on its explicit wording under these facts. Therefore, QDRO Four's
numerator "seven" stands.
            b. The Denominator
            Jones next argues that QDRO Four is improper because it does not effectuate the terms of
the decree. As we have noted, the decree generally defines the denominator as "the number of years
[Ferguson] worked for the State of Texas, upon his retirement." Even when we overcome the inapt
reference to Ferguson's working for the State, there is still a quandary regarding the denominator. 
Ferguson actually worked as a Texas teacher, and thus accumulated service under the Texas
Teachers' Retirement System, for thirty-seven years. He had previously worked for ten years as a
teacher in Kansas, so he was entitled to, and did subsequently, purchase ten years' additional service
credit. His retirement benefits are thus based on forty-seven years of creditable service.
            Jones wants the formula's denominator reduced to reflect only the actual time Ferguson
worked in Texas, thus excluding the ten years' creditable service he purchased. But, while Jones
wants to exclude the ten years from the denominator, she wants to share in Ferguson's whole monthly
benefit—its size enhanced with the additional ten years purchased—rather than share in just the
amount payable for his thirty-seven years of Texas school employment.
            We will not, and cannot, in this instance, take the decree as Jones suggests, for a number of
reasons. The decree refers to the award as being a "percentage of [Ferguson's] retirement." It then
measures that amount according to the number of years worked. That is simply another way of
saying that Jones is entitled to a percentage of Ferguson's retirement and attempting to define the
amount.



            QDRO One, in defining the numerator as "seven" and the denominator as the "number of
creditable years of service," was a proper clarification of the decree's intent. And, even if it was not
a proper clarification, it was issued at Jones' request, employed her requested language, went
unchallenged, and became final.
            We believe that, in QDRO Four, the trial court correctly expressed the intent of the decree
and QDRO One, and thus was correct in defining the denominator as forty-seven, Ferguson's
creditable years of service.
            We affirm the judgment of the trial court.
 
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          December 8, 2004
Date Decided:             January 4, 2005