Horst F. G. GRASZ, Appellant,

v.

Almo Ruth GRASZ, Appellee.

No. 20440.

Court of Civil Appeals of Texas, Dallas.

Nov. 25, 1980.

Donald J. Driscoll, McDonald & Driscoll, Dallas, for appellant.

Conrad Hoyle Sommers, George M. Adams, Dallas, for appellee.

Before ROBERTSON, CARVER and STOREY, JJ.

STOREY, Justice.

Appellant, by writ of error, seeks to set aside a default judgment on the ground that no service of citation was had upon him. The suit against appellant was for an increase in the child support payments provided in a prior Mississippi divorce decree. The only notice of suit given appellant, a nonresident, was a certified letter from appellee's attorney enclosing a copy of the petition to modify and a form for waiver of citation. We hold that the attorney's letter was insufficient both as to the form and the manner of service, and consequently reverse and remand.

The attorney's letter was dated May 7, 1979. It requested the execution and return of an enclosed waiver of citation and admonished appellant that if no action were taken by him, a default judgment would be rendered. The return receipt, which was introduced in evidence at the hearing on appellee's petition to modify, shows that the letter was received by appellant on May 14, 1979. Following a hearing on September 5, 1979, default judgment was rendered. The judgment recites that appellant was duly and properly cited to appear. Appellee contends that appellant's actual notice of the suit was sufficient and the form of citation was immaterial. Appellee also contends that the method of service is authorized by rule 106(f), Texas Rules of Civil Procedure. We disagree with these contentions.

Tex.Fam.Code Ann. § 11.09(a)(4) (Vernon Supp.1980) provides that any person required by law or by order of a court to support a child is entitled to service of citation on the filing of a petition in a suit affecting the parent–child relationship. Formal citation and notice are not synony-

mous, and mere notice that one has been sued does not obligate the defendant to appear and answer. *Gilbert v. Lobley*, 214 S.W.2d 646, 650 (Tex.Civ.App.–Fort Worth 1948, no writ). Tex.R.Civ.P. 101 sets forth the requisites of a valid citation. The rule is mandatory and failure to comply with its terms subjects a judgment to being set aside upon direct attack. *Bynum v. Davis*, 327 S.W.2d 673, 675 (Tex.Civ.App.–Houston 1959, no writ); *LeMothe v. Cimbalista*, 236 S.W.2d 681, 682 (Tex.Civ.App.–San Antonio 1951, writ ref'd); *Firman Leather Goods Corp. v. McDonald & Shaw*, 217 S.W.2d 137, 141 (Tex.Civ.App.–El Paso 1948, no writ). Because the letter of May 7 contains none of the requisites of rule 101, we conclude that the letter was not sufficient notice of suit.

Nor can we agree that the manner of service here employed was sufficient. Section 11.09(c)(i) provides that citation in a suit affecting the parent–child relationship shall be issued and served as in other civil cases, except that the clerk may mail citation and a copy of the petition by registered or certified mail, return receipt requested. There is no evidence in the record to indicate that the clerk mailed a citation to appellant, and we look, therefore, to rule 106 which governs service of process in other civil cases. Appellee relies on section (f) of rule 106 as authorizing service on appellant in the manner employed. Rule 106(f) provides that when it is impractical for the officer to deliver citation personally, or to mail the citation by using registered or certified mail, the court, upon motion, may authorize service in any other manner which will be reasonably effective to give the defendant notice of the suit. For rule 106(f) to have effect, a plaintiff must establish that both of the preferred methods of personal service are impractical before such substituted service may be authorized. *Harrison v. Dallas Court Reporting College, Inc.*, 589 S.W.2d 813, 815 (Tex.Civ.App.–Dallas 1979, no writ). The record in the present case does not show the impracticality of personal service, nor does it indicate that the court, upon motion, authorized substituted service by way of the May 7 letter. To the contrary, there is no evidence of any motion or prior hearing in regard to the manner of service of citation.

Appellee asserts that the trial judge ratified the manner of service at the time the default judgment was rendered, but we are not aware of any rule conferring upon the trial judge the authority to ratify a mode of service not authorized when made. To hold otherwise would be to contradict the clear terms of rule 106 requiring authorization of the manner of service upon motion of a party prior to effecting service. The rules relating to issuance and service of process are mandatory. Failure to comply therewith renders the service ineffective, and any judgment rendered without proper service void. *Harrison v. Dallas Court Reporting College, Inc.*, supra at 816; *Hanover Modular Homes of Taft, Inc. v. Corpus Christi Bank & Trust*, 476 S.W.2d 97, 101 (Tex.Civ.App.–Corpus Christi 1972, no writ); *Nichols v. Wheeler*, 304 S.W.2d 229, 233 (Tex.Civ.App.–Austin 1957, writ ref'd n.r.e.). We cannot presume proper service from a judgment recital that defendant, "although duly and properly cited, did not appear and wholly made default." Because the record does not show compliance with the rules regarding issuance and service of citation, we must reverse. *Flynt v. City of Kingsville*, 125 Tex. 510, 82 S.W.2d 934 (1935); *Wilson v. Wilson*, 378 S.W.2d 156, 159 (Tex.Civ.App.–Tyler 1964, no writ).

Reversed and remanded.