**Terry L. AUTRY, Appellant,**

v.

**Nettie M. AUTRY, Appellee.**

**No. A14–91–01279–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 16, 1992.

Bruce A. Baughman, Baytown, for appellant.

Ozell Price, Houston, Lester Rorick, Pasadena, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from the trial court's granting of appellee's motion to modify for increased child support. In one point of error, appellant asserts that the trial court erred by granting appellee's motion because the court lacked jurisdiction. We affirm.

On February 19, 1991, the appellee filed a motion to modify seeking increased child support. Upon appellant's filing a general denial, the case was set on the trial court's contested docket. On several occasions the case was reset because of scheduling conflicts for appellant's attorney. To accelerate a ruling on the motion, appellee filed a motion to have the case set on the ancillary docket. After objection by appellant's counsel, the trial court granted appellee's motion and this appeal follows.

■ In one point of error, appellant asserts that the order granting appellee's motion was void because the trial court lacked jurisdiction. In support of this assertion, appellant cites local rule 1 of Harris County. *See* TEXAS, HARRIS COUNTY, RULES OF THE JUDICIAL DISTRICT COURTS OF HARRIS COUNTY, Rule 1 (1981). It states that:

All contested cases, jury or non-jury, shall be set for trial on the merits on the Contested Docket.

The Ancillary Docket shall consist ONLY of matters subject to the entry of temporary orders, contempt motions, applications for writ of habeas corpus, motions to transfer, and those motions governed by, and arising from, the Texas Rules of Civil Procedure. After entry of a FINAL judgment, any motions to modify filed under the provisions of Section 14.08 of the Texas Family Code shall be set on the Contested Docket *unless* the Court, in its discretion based upon affidavit or verified pleadings setting out supportive facts, finds that the child's or children's present environment may endanger such child's or children's physical health or significantly impair such child's or children's emotional development whereupon the Court shall set any request for temporary relief for hearing on the Ancillary Docket at a time convenient to the Court with the final hearing set on the Contested Docket.

Any other matters of a temporary or ancillary nature will be set on the Ancillary Docket by written request at a time convenient to the Court.

*Id.* While the trial court did not strictly comply with the requirements of Rule 1 by setting this case on the ancillary docket without an affidavit of necessity, we do not find that this non-compliance makes the judgment void.

Rules of procedure are either mandatory or directory in nature and:

if mandatory, they prescribe, in addition to requiring the doing of the things spec-

ified, the result that will follow if they are not done, whereas, if directory, their terms are limited to what is required to be done.... A statute is mandatory when the provision of the statute is the essence of the thing required to be done; otherwise, *when it relates to form and manner, and where an act is incident, or after jurisdiction is acquired, it is directory merely.*

BLACKS LAW DICTIONARY, 547 (rev'd 4th Ed. 1968) (*citations omitted and emphasis added*).

■ Failure to comply with a mandatory rule renders the judgment void. *See, e.g., Lancaster v. Lancaster*, 155 Tex. 528, 291 S.W.2d 303 (1956) (issuance of temporary injunction without compliance with bond requirement makes injunction void); *Grasz v. Grasz*, 608 S.W.2d 356, 357–58 (Tex.Civ. App.—Dallas 1980, no writ) (mandatory requirement of formal citation before judgment can issue against a party). Mandatory requirements are at the heart of the court's jurisdictional power. *Id.*

■ However, rules which are directory in nature simply regulate the orderly manner in which the court exercises its jurisdiction. BLACKS LAW DICTIONARY, 547 (rev'd 4th Ed.1968). As the Austin Court of Appeals recently noted:

> [c]ertain judicial functions require that the courts alone determine how those functions are to be exercised. *Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 240 (Tex.Crim.App.1990). Managing a docket is one of the basic duties of a judge.... Thus, *even though a statute may be couched in mandatory terms, when its directs judicial action, a sound rule of statutory construction favors the interpretation of the statute as directory rather than as mandatory to preserve the exercise of the court's judicial discretion.*

*State v. $8,353.00 U.S. Currency*, 809 S.W.2d 344, 347 (Tex.App.—Austin 1991, no writ).

Appellant argues that Rule 1 is mandatory in nature and thus the trial court's non-compliance makes the judgment void. We disagree. The trial court had jurisdiction over the cause; appellant was properly served with citation, filed an answer, appeared at the hearing, and was afforded an opportunity to defend himself against the motion for increased child support. We find that Rule 1 is directory in nature because it merely regulates the orderly manner in which the districts courts are to operate. Therefore, the trial court's failure to formally comply with its requirements does not make the judgment void. Appellant's sole point of error is overruled.

The order of the trial court is affirmed.