WR-83,924-01

No. _____

EX PARTE

TIMOTHY WADE MITLEFF,

*Applicant*

RECEIVED
COURT OF CRIMINAL APPEALS
9/22/2015
ABEL ACOSTA, CLERK

## IN THE COURT OF CRIMINAL APPEALS

## OF THE STATE OF TEXAS

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Comes now TIMOTHY WADE MITLEFF, Applicant, and files this Petition for Writ of Habeas Corpus. In support, Applicant shows the Court the following:

### I.

Applicant is currently being illegally restrained of his liberty due to an order entered by the District Judge of the 8th Judicial District Court, The Honorable Eddie Northcutt, Respondent.

### II.

On Friday, September 18, 2015, Respondent **quadrupled** Applicant's bail. Previously, Respondent found Applicant to be indigent, and Respondent has never found that Applicant ever knowingly violated any court order while he was out on bail. As set forth below, Respondent's order raises a serious constitutional due process issue – namely, Applicant's right to prior, meaningful notice.

**Petition for Writ of Habeas Corpus**                                    **Page 1**

### III.

Applicant is charged by indictment with Assault Family Violence/Impede Breath. *See* TEX. PEN. CODE §22.01(b)(2)(B). According to the indictment, a certified copy of which is attached hereto as **Exhibit A**, Applicant caused "bodily injury to ALISHIA MITLEFF" on or about "the 29th day of March, 2015." According to the indictment, Ms. Mitleff is "a member of [Applicant's] family." Ms. Mitleff is Applicant's wife.

### IV.

According to records from the Sheriff's Office, Applicant was released on $25,000 bail on March 31, 2015. A certified copy of the bail bond is attached hereto at **Exhibit B**.

### V.

**Exhibit B** contains **no provision** that prohibits Applicant from communicating or even living together with his wife.

### VI.

Following his release on bail Applicant resumed living with his wife. During this time Respondent heard no evidence of any untoward activity by Applicant – no threats, no calls to law enforcement about him, *etc.* – at any time.

## VII.

The Office of the District Attorney discovered that Ms. Mitleff and Applicant had resumed living together following Applicant's release on bail. On September 2, 2015 – *i.e.,* more than five months after Applicant had been released on bail -- the State served and presented to Respondent a document titled *Motion to Add a Condition to Defendant's Bond,* a certified copy of which is attached hereto as **Exhibit C**. In the motion the State asks Respondent to enter an order prohibiting Applicant from having any contact with his wife, never mind the five months that the two had been living together since Applicant's release on bail.

## VIII.

Respondent entered an order granting the State's motion referenced in Paragraph VII *supra. See* "Order Adding Bond Conditions," a certified copy of which is attached hereto as **Exhibit D**. Respondent entered this order on September 2, 2015.

## IX.

On September 2, 2015 Respondent verbally instructed the State to serve Applicant by hand with **Exhibit D**. Respondent also wrote the following at the bottom of **Exhibit D** -- "*To be served by law enforcement.*"

X.

On September 18, 2015 law enforcement appeared before Respondent and testified that although they had made about seven attempts, they had been unable to locate and serve Applicant with **Exhibit D**.

XI.

Applicant eventually did receive **Exhibit D**. Applicant received **Exhibit D** on September 18, 2015. That is because Applicant was **in court** on September 18, 2015. Applicant was **in court** in compliance with an order that he had previously received from Respondent. *See* document titled *Appearance and Announcement Form,* dated August 21, 2015, a certified copy of which is attached hereto as **Exhibit E**, which required Applicant to appear in court on September 18, 2015.

XII.

On September 9, 2015, the State filed a document titled *Motion to Hold Bond Insufficient and Increase Bond,* a certified copy of which is attached hereto as **Exhibit F**. On page 2 of **Exhibit F**, the State asks Respondent to increase the $25,000 bail bond to $100,000.

XIII.

On September 18, 2015 Respondent held an evidentiary hearing on the record on the State's motion referenced in Paragraph XII *supra.*

XIV.

After hearing the evidence, Respondent stated from the bench that he believed Applicant had been aware that law enforcement had been trying to serve him with **Exhibit D**, and that Applicant had been evading service. Respondent then stated on the record that he lacked "confidence" in Applicant's willingness to follow orders.

XV.

Respondent granted the State's motion to **_quadruple_** Applicant's bond – specifically, from $25,000 to $100,000. A certified copy of document titled *Order Setting Bond* is attached hereto as **Exhibit G**.

XVI.

Respondent entered the order referenced in Paragraph XV *supra* --

    A.    EVEN THOUGH Respondent had previously made a written finding that Applicant was indigent. *See* certified copy of document titled *Affidavit of Indigence*, attached hereto as **Exhibit H** at page 3.

    B.    EVEN THOUGH Applicant had appeared in court on Friday, September 18, 2015 in compliance with a prior order entered on August 21, 2015 by Respondent. *See* **Exhibit E** ("Appearance and

Announcement Form").

C.   EVEN THOUGH before September 18, 2015 Applicant had complied with at least **two (2) prior orders** from Respondent requiring him to appear in court. *See* **Exhibit I**, which contains two (2) documents, both of them titled *Appearance and Announcement Form,* which Respondent entered on the following dates -- July 10, 2015, and August 7, 2015, respectively.

D.   EVEN THOUGH the trial court's file contains no evidence that Applicant had ever failed to appear in court pursuant to any order entered by Respondent.

E.   EVEN THOUGH Respondent heard no evidence of any untoward or nefarious conduct by Applicant. *See and compare Ex parte Beason,* 1993 Tex. App. LEXIS 2341 (Tex. App. – Houston [1st Dist.] Aug. 23, 1993, no writ) (*held*, amount of bail was excessive, where among other things there was no evidence of threats by appellant against others).

F.   AND EVEN THOUGH during the September 18, 2015 hearing neither Respondent nor the State had identified a single authority or source – no statute, no court case (published or

otherwise), <u>no</u> court rule, and <u>no</u> bond condition – that Applicant had violated during the five-plus months while he was out on bail.

## XVII.

"The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty." *Ex parte Robinson,* 641 S.W.2d 552, 553 (Tex. Crim. App. 1982) (citing statute). *See e.g. Ex parte Clear,* 573 S.W.2d 224 (Tex. Crim. App. 1978)(writ of habeas corpus used to challenge increase in bail).

In this case, Applicant may use a pretrial writ, as opposed to an interlocutory appeal, to assert his constitutional protections with respect to bail. *Ragston v. State,* 424 S.W.3d 49 (Tex. Crim. App. 2014), *followed in*, *Vanhalst v. State,* 2015 Tex. App. LEXIS 8917 (Tex. App. – Texarkana Aug. 26, 2015). *See also e.g. Ex parte Keller,* 595 S.W.2d 531 (Tex. Crim. App. 1980).

## XVIII.

One constitutional protection is the right to due process, and one component of due process is fair notice. This Court made this plain when it quoted the U.S. Supreme Court on what due process means. *See Hunter v. State,* 1985 Tex. Crim. App. LEXIS 1726 (Tex. Crim. App. Oct. 23, 1985)(quoting *Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S. 532 (1985), and *Matthews v. Eldridge*, 424 U.S. 319 (1972)).

## XIX.

Meaningful, proper notice is conspicuously absent here. Before September 18, 2015, and even if all facts are construed in Respondent's favor, Applicant's only source for learning that the conditions of his bond may have changed does not come from any agent of the State. Rather, Applicant's only alleged source comes from the proverbial grapevine.

If logic is any guide, getting wind that some change is afoot in one's bond conditions, even if true, does not satisfy any notion of due process. *See and compare Ex parte Retzlaff,* 135 S.W.3d 45, 50 (Tex. Crim. App. 2004)(*held,* written notice that an inmate's parole will be reviewed at some unspecified time in the future, coupled with a request that inmate submit relevant materials "as soon as possible," was constitutionally deficient notice).

Applicant's level of notice, assuming for argument's sake only there was any, would not even satisfy due process for a civil case. *See e.g. Wilson v. Dunn,* 800 S.W.2d 833, 836 (Tex. 1990) ("Actual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against him."). *See also e.g. Grasz v. Grasz*, 608 S.W.2d 356, 358 (Tex. Civ. App. – Dallas 1980, no writ) ("mere notice that one has been sued does not obligate the defendant to appear and answer"). *A fortiori*, Respondent's apparent

reliance on the proverbial grapevine, and nothing more, as the basis for quadrupling Applicant's bond cannot possibly satisfy constitutional due process in a case where Applicant's liberty is at stake.

## XX.

Applicant was together with his wife -- without incident -- for more than five months before Respondent entered the *Order Adding Bond Conditions*, attached as **Exhibit D,** on September 2, 2015. This is unremarkable and should cause no alarm, especially when no agent of the State ever told Applicant and his wife they could not do this.

If, more than five months after the fact, Respondent decides to enter an order upending this unremarkable arrangement and requiring Applicant to separate from his wife – indeed, requiring Applicant not even to communicate with his wife – then Applicant should be able to rely on something more formal, more certain, and more concrete, than the rumor mill.

## XXI.

Texas state law mandates that bail cannot to be used as an instrument of oppression. TEX. CODE CRIM. P. art. 17.15(2). Unfortunately, that is the result of Respondent's *Order Setting Bond* (**Exhibit G**) entered on September 18, 2015. Quadrupling Applicant's bail because Applicant may have not followed up on

stray remarks that he may or may not have heard from others, *none of whom are even alleged to be agents of the State*, falls far short of any serious notions about constitutional due process.

XXII.

Respondent's *Order Setting Bond* -- entered on September 18, 2015, and a certified copy of which is attached hereto as **Exhibit G** -- violates the Fifth and Fourteenth Amendments to the U.S. Constitution, as well as Article One, Section 13 of the Texas Constitution, because Applicant failed to receive meaningful notice.

WHREFORE, Applicant prays that this Court grant this application for writ of habeas corpus and that this Court order Applicant discharged from the illegal restraint he is currently suffering.

Dated: September 21, 2015

Respectfully submitted,

By: __/s/ Wade A. Forsman_
**Wade A. Forsman**
State Bar No. 07264257
P.O. Box 918
Sulphur Springs, TX  75483-0918
903.689.4144 East Texas
972.499.4004 Dallas/Fort Worth
903.689.7001 Facsimile
**wade@forsmanlaw.com**

**Attorney for Applicant,**
**Timothy Wade Mitleff**

**Declaration**

Pursuant to section 132.001 of the Civil Practice and Remedies Code, my name is Wade A. Forsman, and I am the appointed attorney for the Applicant, Timothy Wade Mitleff. My date of birth is June 14, 1058, and my work address is P.O. Box 918, Sulphur Springs, Hopkins County, Texas 75483-0918, United States of America. Executed in Hopkins County, State of Texas, on this the 21st day of September 2015.

*/s/ Wade A. Forsman*
_____
**Wade A. Forsman**

CERTIFICATE OF SERVICE

This is to certify that on **September 21, 2015**, I served a true and correct copy of the above and foregoing *Petition for Writ of Habeas Corpus* by email on Matthew Howard Harris, Assistant District Attorney, at 114 Main Street, Sulphur Springs, Texas 75482.

__*/s/ Wade A. Forsman*_
**Wade A. Forsman**

FILED FOR RECORD

2015 MAY 14 PM 2:08

ELLEN JAGGERS
DISTRICT CLERK
FRANKLIN COUNTY, TEXAS

BY:_____

F 8998

## INDICTMENT - ASSAULT FAMILY VIOLENCE/IMPEDE BREATH (22.01)

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The Grand Jurors for the County of FRANKLIN, State of Texas, duly selected, impaneled, sworn, charged and organized as such at the January Term, 2015, of the Eighth Judicial District Court of said County, upon their oaths present in and to said Court, that **TIMOTHY WADE MITLEFF** on or about the **29th day of March, 2015**, and before the presentment of this indictment, in said County and State, did then and there intentionally, knowingly, or recklessly cause bodily injury to ALISHIA MITLEFF, a member of the defendant's family, by intentionally, knowingly, and recklessly impeding the normal breathing or circulation of the blood of the said ALISHIA MITLEFF by applying pressure to the throat or neck of the said ALISHIA MITLEFF.

And it is further presented in and to said Court, that prior to the commission of the aforesaid offense, on the 20th day of April, 2001, in Cause No. CR13719, in the 76th District Court of Titus County, Texas, the defendant was convicted of the felony offense of Burglary of a Habitation.

AGAINST THE PEACE AND DIGNITY OF THE STATE OF TEXAS.

_Bond set at $25,000.00_

_____
FOREMAN OF THE GRAND JURY

FR 03771
TRN 9125236148 A001

A CERTIFIED COPY
ATTEST: 9/21 , 20 15
Ellen Jaggers
District Clerk,
Franklin County, Texas
By Christine Coronello Deputy

Exhibit A

2708

## Jimmy and Barbara Hightower Bail Bond
## DBA Nancy Davis Bail Bond

CASE NO. _____

CHARGE Assault Family Violence

**COURT SETTING:**

DATE: _____

TIME: _____

Know All Men By These Presents:

That we, _____Timothy Mitliff_____, as principal, and the

undersigned **Hightower Bail Bond** _____Barbara Hightower_____

as sureties, are held and firmly bound unto the STATE OF TEXAS, in the penal sum of

_____Twenty five thousand_____ ($ 25,00 ) Dollars and, in addition thereto, we are bound for the payment of all fees and expenses that may be incurred by any peace officer in re-arresting the said principal in the event any of the hereinafter stated conditions of this bond are violated for the payment of which sum or sums well and truly to be made, we do bind ourselves, and each of us, our heirs, executors and administrators, jointly and severally.

THE CONDITION OF THIS BOND IS THAT THE DEFENDANT HAS BEEN CHARGED WITH (A _____)
(Felony-Misdemeanor)

offense and to secure his release from custody is entering into this obligation binding him to appear before _____ District _____ Court of Franklin County, Texas

NOW THEREFORE, IF THE SAID PRINCIPAL SHALL WELL AND TRULY MAKE HIS PERSONAL APPEARANCE BEFORE SAID COURT INSTANTER AS well as before any other court to which the same may be transferred and for any and all subsequent proceedings that may be had relative to said charge in the course of criminal actions based on said charge, and there remain from day to day and term to term of said courts, until discharged by due course of law, then and there to answer said accusation against him, this obligation shall become void, otherwise to remain in full force and effect.

SIGNED AND DATE March 31. , 20 15

X _____Timothy Mitliff_____ Principal

P O Box 785
(Mailing Address)

By _____ Deputy

**Jimmy and Barbara Hightower Bail Bond**
**DBA Nancy Davis Bail Bond** Surety

Mt. Pleasant TX 75455
(City and State)

P.O. Box 1342
(Mailing Address)

Mt. Pleasant, TX 75455 (903) 577-7190
(City and State) (Phone)

RACE W SEX M DOB 7/22/52 HT 5'8 WT 185

HAIR Bro EYES Bro DL# _____ STATE _____

Lic. # _____ Empl. _____

THUMB | PRINT

ARRESTING AGENCY: Franklin Co Sheriff's Office

DATE OF ARREST: March 29, 2015

Co-Surety

NANCY LEFLETT
My Commission Expires
January 26, 2018

(Mailing Address)

(City and State) (Phone)

**OATH OF SURETIES**

THE STATE OF TEXAS
COUNTY OF _____ We, each of us, **Nancy Davis Bail Bonds** _____Barbara Hightower_____

do swear that we are worth in our own right, at

least the sum of _____Fifty thousand no/100_____ DOLLARS, after deducting from our property all that which is exempt by the Constitution and Laws of the State from forced sale, and after the payment of all our debts, of every description, whether individual or security debts, and after satisfying all encumbrances upon our property which are known to us, and that we reside in the County of Titus and have property in the State liable to execution worth:

THE SAID **Jimmy and Barbara Hightower Bail Bond DBA Nancy Davis Bail Bond** SUM OF 50,000 DOLLARS

THE SAID _____ SUM OF _____ DOLLARS

_____Barbara Hightower_____ SURETY _____ CO-SURETY
(Signature) **Exhibit B** (Signature)

I ATTEST AND CERTIFY THAT THE FOREGOING INSTRUMENT WAS SIGNED BY Barbara Hightower IN MY PRESENCE THIS THE 29 DAY OF March A D 20 15 FRANKLIN COUNTY, TEXAS BY _____ Deputy

A CERTIFIED COPY
ATTEST: 9/4 , 20 15

Ellen Jeggers
District Clerk,

By _____Christie Corollela_____ Deputy

SUBSCRIBED AND SWORN to before me this 29

day of _____March_____ A.D. 20 15

_____Nancy Leflett_____
Notary Public, State of Texas

1-26-18
(Expiration Date of Notary)

Original - Dist./Franklin County Texas Copy - Sheriff    Pink Copy - Bondsman    Gold Copy - Defendant

FILED FOR RECORD

2015 SEP -3 AM 9: 22

ELLEN JANGERS
DISTRICT CLERK
FRANKLIN COUNTY, TEXAS
BY:_____

CAUSE NO. 8998

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | EIGHTH JUDICIAL DISTRICT |
| | § | |
| TIMOTHY WADE MITLEFF | § | FRANKLIN COUNTY, TEXAS |

## MOTION TO ADD A CONDITION TO DEFENDANT'S BOND

NOW COMES, the State of Texas, by and through her District Attorney and respectfully shows the following:

### I.

The Defendant is currently released on a $25,000.00 surety bond for the offense of ASSAULT FAMILY VIOLENCE – STRANGULATION.

### II.

It has been brought to the attention of the State that there are no bond conditions currently in place prohibiting the defendant from contacting the victim of the assault.

### III.

Without a bond condition prohibiting Defendant from contacting the victim, coercion and undue influence, and possibly further violence, will occur. In fact, the victim of the above-entitled and numbered cause came to the District Attorney's Office and filed an affidavit of non-prosecution. The victim was driven to the office to file said affidavit *by the defendant*. At that time, the State checked the bond conditions and realized none were in place regarding contacting the victim. The State believed there must be a legitimate reason for not imposing such a condition, so the State did not immediately move for such a condition to be added. Since that time, the State has been unable to contact the victim or her daughter, who is another member of the victim's household and necessary fact witness for the State. It has become clear that the lack of a victim contact prohibition was merely an oversight that must be corrected as soon as possible, before further harm can occur. Prior to the State's recent plea offer, there were no issues contacting victim. Now that it appears a trial is inevitable, the State has been unable to contact the victim or any member of her household. Finally, Defendant was present at his last court appearance while accompanied by the victim in this case. Defendant had his arm around his victim, and it is clear that he is unduly influencing her.

THEREFORE, the State requests that this matter be set for a hearing and that this Motion to Add Bond Conditions, be Granted.



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN FRANKLIN COUNTY
DISTRICT CLERK'S OFFICE

Exhibit C

Respectfully Submitted,

Eighth Judicial District Attorney's Office
231 College Street
P.O. Box 882 Sulphur Springs, Texas 75483
Tel: (903) 885-0641
Fax: (903) 885-0640

WILL RAMSAY, DISTRICT ATTORNEY

By: _____



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN FRANKLIN COUNTY
DISTRICT CLERK'S OFFICE



A CERTIFIED COPY.
ATTEST: 9/7 , 20 15
Ellen Jaggers
District Clerk,
Franklin County, Texas
By Christie Cronnelly Deputy

FILED FOR RECORD

2015 SEP -3 AM 9: 22

ELLEN JAGGERS
DISTRICT CLERK
FRANKLIN COUNTY, TEXAS

BY:_____

CAUSE NO. 8998

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | EIGHTH JUDICIAL DISTRICT |
| | § | |
| TIMOTHY WADE MITLEFF | § | FRANKLIN COUNTY, TEXAS |

## ORDER ADDING BOND CONDITIONS

IT IS ORDERED that the above and foregoing motion filed by the State is hereby



GRANTED / DENIED

IT IS FURTHER ORDERED that the bond condition placed upon the Defendant shall be as follows.

## CONDITIONS OF BOND – VIOLENT CRIME

IT IS HEREAFTER ORDERED that the bond set in this cause be amended to add the following conditions:

1. The Defendant, shall not communicate, or direct or request another person to communicate, with the victim, **ALISHIA MITLEFF** (hereafter "victim"), or any household member of the victim's residence, including the victim's daughter **DESTINEE MITLEFF**, located at 141 Kim Dr., Mt. Vernon, TX OR ANYWHERE HE MAY RESIDE;

2. The Defendant shall not go within one hundred (1000) feet of the victim, the victim's residence, or any household member of the victim's residence;

3. The Defendant shall not own or possess a firearm at anytime;

4. The Defendant's attorney, investigator, or any other person employed or otherwise assisting the Defendant regarding this case shall not communicate or contact in any way the victim except as arranged by the Victim/ Witness Coordinator for the 8th Judicial District Attorney's Office.

Signed 2nd day of September 2015.

_____
JUDGE PRESIDING

I, **TIMOTHY WADE MITLEFF**, the Defendant in this case, hereby acknowledge receipt of the above conditions of bond and state, under oath, that I fully understand each and every condition.

(EN) To be served by law enforcement
_____
Defendant's Signature

_____
Date

Exhibit D

A CERTIFIED COPY
ATTEST: 9/21, 20 15
Ellen Jaggers
District Clerk,
Franklin County, Texas
By Christen Coronell Deputy

CAUSE NO. _F-8998_

THE STATE OF TEXAS                         ><       IN THE DISTRICT COURT

VS.                                        ><       FRANKLIN COUNTY, TEXAS

_Timothy Wade Mitleff_                     ><       8TH JUDICIAL DISTRICT

## APPEARANCE AND ANNOUNCEMENT FORM

**The State Announces:**

___ Ready

___ Not Ready

___ Agrees To Pass This Case At Defendant's Request

___ Will Try Other Cases Than This Case During The Next Jury Week And Request That This Case Be Passed To The Next Setting

_____

**Assistant/District Attorney**

**This Case Is:**                         **DEFENDANT'S CURRENT ADDRESS**

✓ Less Than Four (4) Months Old          _____

___ Between Four (4) And Eight (8) Months Old       _____

___ Between Eight (8) And Twelve (12) Months Old    _____

___ Over Twelve (12) Months Old          _____

**The Defense Announces:**

___ Ready

___ Not Ready                            _____

___ Withholds Announcement

___ Has Filed Written Motion For Continuance

**The Defendant's Attorney:**            **PLEA OFFER**

___ Has Received A Plea-Bargain Offer     _____

___ Has Not Received A Plea-Bargain Offer  _____

**The Defendant:**

___ Is Present In Court                   _____

___ Is Not Present In Court

___ Is In Jail                            _____

**The Defense Attorney Is Of The Opinion That This Case Will Be Disposed Of By:**

___ Plea Of Guilty With Plea-Bargain

___ Open Plea

___ Jury Trial

___ Trial Before The Court

**This Case Is Reset For** _September 18, 2015_ at _9:00_ O'clock, _a_ M.

___ To Plead Guilty Before Court

✓ For Jury Selection _10/19/2015_

✓ For Pre-Trial

___ For Trial Before The Court

___ Other, To Wit: _____

_Wade Forsman_

**Defense Attorney (Hired/Appointed)**

A CERTIFIED COPY
ATTEST: _9/21_ 20_15_ _____ Judge

Ellen Jaggers
District Clerk,
Franklin County, Texas

By _Christen Coronilla_ Deputy

To this date I have paid $_____ toward my attorney fees.

I understand and acknowledge that I am to appear at reset date and time above without further notice from the Court and failure to appear can result in forfeiture of my bond, additional charges of failure to appear and the issuance of a warrant for my arrest.

_Timothy Mitleff_                          _8/21/2015_

**Defendant**                              **Date**

<span style="color:red">Exhibit E</span>

FILED FOR RECORD

2015 SEP 10 AM 8: 02

ELLEN JAGGERS
DISTRICT CLERK
FRANKLIN COUNTY, TEXAS

BY:_____

**CAUSE NO. 8998**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | DISTRICT COURT |
| | § | |
| VS. | § | 8ᵗʰ JUDICIAL DISTRICT |
| | § | |
| TIMOTHY WADE MITLEFF | § | FRANKLIN COUNTY, TEXAS |

## MOTION TO HOLD BOND INSUFFICIENT AND INCREASE BOND

COMES NOW THE STATE OF TEXAS, by and through her District Attorney and requests the Court to hold Defendant's bond in this case insufficient and to increase that bond, and as grounds for same, would show the Court the following:

**I.**

This above named defendant is currently charged with Assault Family Violence – Strangulation, and bond has been set at $25,000.00.

**II.**

Evidence has been forthcoming that persuades the State that the current amount of bail is insufficient and the State believes that there exists good and sufficient cause to hold the current bond insufficient.

**III.**

This evidence consists of information as follows:

1. **The Instant Offense:** The Defendant committed the offense of Assault Family Violence – Strangulation on March 29, 2015, and was released on a $25,000 bond in Cause Number 8998 (Franklin County).

2. The Court signed an order on September 2, 2015 that added conditions of bond requiring Defendant not to contact the victim of his case or members of the victim's household. The Court ordered law enforcement to serve the order on Defendant. Before Defendant could be personally served, he clearly became aware that law enforcement would be coming. He has evaded and eluded service since September 2, 2015 in an effort to avoid following the order of this Court. As of September 9, 2015, Franklin County law enforcement has attempted personal service eight (8) times, without success. Even when twice attempting to have Defendant's bondsman contact Defendant, service has been unsuccessful. Perhaps most disappointing is the fact that Defendant's wife/victim has intervened and told officers that Defendant moved out and no longer lives at the residence. Despite this statement to police, the victim has called the District Attorney's office and angrily complained that there is no reason to make Defendant move out because there is not a problem.

<span style="color:red">Exhibit F</span>



TRUE AND CORRECT COPY OF ORIGINAL FILED IN FRANKLIN COUNTY DISTRICT CLERK'S OFFICE

3. The victim in this case and her daughter had a scheduled meeting for September 9, 2015. The victim confirmed this meeting for the second time on September 8, 2015. Despite this, the victim did not keep her appointment. When the State called the victim to verify her safety and availability, a woman answered the phone and stated that "… this isn't Alishia's number any more. Her phone got cut off."

The purpose of bail is not only to ensure a Defendant's presence at trial, but also to ensure compliance with the Court's orders. However, the Defendant has been able to circumvent this entirely because he, unfortunately, was warned of the impending service of this Court's order. By his actions, Defendant has shown no intention of obeying Bond Conditions or Court Orders. Defendant continues to go to great lengths to ignore the orders of this Court.

## IV.

Based on the aforesaid evidence and conscious disregard of the Court's order, the State believes that the defendant presents an ongoing and dangerous threat to the community as a whole, and his victim in particular. Specifically, the State requests that the Defendant's bond be increased to an amount of $100,000. Such amount will ensure not only Defendant's appearance at trial, but also compliance with this Court's orders. Without such an increase, both the public and the victim remain in danger from a man who has openly demonstrated his utter contempt for the orders of this Honorable Court.

WHEREFORE PRESIMES CONSIDERED, it is respectfully requested that this Court find the amount of bond to be insufficient in amount, and require Defendant to give another bond in such amount as the Court deems proper, in accordance with Art. 17.09, Sec. 3, Tex. C.C.P.

Respectfully submitted,

WILL RAMSAY
8TH JUDICIAL DISTRICT ATTORNEY
BAR CARD NO: 24039129

BY: _____

A CERTIFIED COPY.
ATTEST: _____ 20 15
Ellen Jaggers
District Clerk,
Franklin County, Texas
By Christin Coldwell Deputy

DISTRICT COURT
FRANKLIN COUNTY, TEXAS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was sent to Defense Counsel on this the _____ day of _____, 2015.

WILL RAMSAY
8TH JUDICIAL DISTRICT ATTORNEY
BAR CARD NO: 24039129

BY: _____

## HEARING

This matter is set for hearing before the Honorable Judge Eddie Northcutt on the _____ day of _____, 2015 at _____ am/pm.

EDDIE NORTHCUTT
JUDGE
8TH JUDICIAL DISTRICT

A CERTIFIED COPY
ATTEST: _9/21_____, 20 _15_
Ellen Jaggers
District Clerk,
Franklin County, Texas
By _____ Deputy

FILED FOR RECORD

2015 SEP 18 AM 11:43

ELLEN JAGGERS
DISTRICT CLERK
FRANKLIN COUNTY, TEXAS

BY_____

Cause No. _F 8998_

The State of Texas

VS. _Timothy Wade Mitleff_

In the Court of

Franklin County, Texas

8th Judicial District

## Order Setting Bond

On this ___18th___ day of ___September___, 2015, the court sets a $ _100,000.00_ (Property or Surety) or (Personal Recognizance) bond in the above styled case.

Signed on this ___18th___ day of ___September___, 2015.

_Eddie Northcutt_
Eddie Northcutt, Judge Presiding

A CERTIFIED COPY
ATTEST: _9/21_, 20 _15_
Ellen Jaggers
District Clerk,
Franklin County, Texas
By _Christen Coronilla_ Deputy

DISTRICT COURT
FRANKLIN COUNTY, TEXAS

Exhibit G

# AFFIDAVIT OF INDIGENCE

FILED FOR RECORDS

at _10:38_ o'clock _a_ M

JUL 10 2015

ELLEN JAGGERS, District Clerk
Franklin County 8th District Court
By _Christe Coronell_ Deputy

This section to be filled out by Court Personnel or Jail Staff

No. _F8998_

The State of Texas

vs.

_Timothy Wade Mitleff_

Franklin County

Offense (s) _Assault_

Level of Offense _____

---

All information must be completed by the defendant and must be current, accurate, and true. Intentionally or knowingly giving false information may result in your prosecution for the offense of aggravated perjury, a felony. The punishment for aggravated perjury includes imprisonment not to exceed ten (10) years and a fine not to exceed ten thousand dollars ($10,000). Please fill in all blanks. If you do not know the information being asked, enter "DO NOT KNOW" in the blank. If the information being asked does not apply to you, enter N/A in the blank.

---

### Defendant's Personal Information

| | |
|---|---|
| Full Name: | _Timothy Wade Mitleff_ |
| Phone Number: | _903-380-0563_ |
| Street Address: | _141 Kim Dr_ |
| City, State, Zip: | _Mt, Vernon TX_ |
| Date of Birth: | _7-22-82_ |
| Name of Spouse: | _Aisha Mitleff_ |

| Dependents Name(s) (list below) | Age | Relation | Income |
|---|---|---|---|
| _Conner Mitleff_ | 12 | son | |
| _Ryder Mileff_ | 3 | son | N/A |
| _Destinie Mitleff_ | 15 | durter | |

---

Are you currently in jail or in a correctional institution?

☑ No

☐ Yes   If yes, provide name of institution: _____


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN FRANKLIN COUNTY
DISTRICT CLERK'S OFFICE


Exhibit H

| | |
|---|---|
| Employer | Trade Management |
| Phone Number | 903-577-7573 |
| Supervisor's Name | Randy |
| Street Address: | |
| City, State, Zip | |
| Hours worked | 40 per week  or  ____ per month |
| Pay rate | $10.00 |
| Spouse's Employer | |
| Street Address: | |
| City, State Zip | |
| Hours worked | ____ per week  or  ____ per month |
| Pay rate | |

**If unemployed, list:**

| | |
|---|---|
| Length of time unemployed | |
| Name of previous employer | N/A |
| Street Address of previous employer: | |
| City, State, Zip | |

**Defendant's Financial Information**

**Public Assistance**
Are you currently receiving (check all that apply)

- N/A Food Stamps
- N/A Medicaid
- N/A Public housing
- N/A Temporary Assistance to Needy Families (TANF)
- N/A Supplemental Security Income (SSI)

| Expenses (Monthly) | Monthly Payment |
|---|---|
| Rent or Mortgage Payment | $450 |
| Car Payment | $300 |
| Insurance (Life, Health, Car, Homeowners, etc.) | $130 |
| Child Care | N/A |
| Child Support | N/A |
| Water | $60 |
| Gas | N/A |
| Telephone | ~~$100~~ |
| Electricity | $150 |
| Food | $300 |
| Clothes | $100 |
| Medical | N/A |
| Cable TV or Satellite TV | N/A |
| Pager | N/A |
| Cell Phone | $80 |

**Loan and Debt Payments**

| Outstanding Loans (list type of Loans) | |
|---|---|
| $1300 cash lone | |
| $50 Pay Day lone | |

| Credit Card Debt (list name of cards) | |
|---|---|
| Balance: $_____ | N/A |
| Balance: $_____ | |
| Other Monthly Expenditures (Describe) | |
| | |

| TOTAL MONTHLY EXPENSES | |

| Income (Monthly) | Monthly Amount |
|---|---|
| Take Home Pay | $1200 or 1055 |
| Spouse's Take Home Pay | $800 |
| Investment Income | N/A |
| Stock Dividend | N/A |
| Bond Dividend | N/A |
| Rental Income | N/A |
| Pension Payments | N/A |
| Unemployment | N/A |
| Social Security Benefits | N/A |
| Child Support | N/A |
| Public Assistance | N/A |
| TANF | N/A |
| SSI | N/A |
| Medicaid | N/A |
| Other | N/A |
| Cash Gifts | N/A |
| Other (Describe) | N/A |
| | |
| TOTAL GROSS MONTHLY INCOME | $2000 |



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN FRANKLIN COUNTY
DISTRICT CLERK'S OFFICE

## ASSETS

| Asset | | | Value |
|---|---|---|---|
| A. Place of Residence ✓ Rent ___ Own Describe if house, condominium, apartment, other: Traler house | | | $ |
| B. Real Property Owned; Description/Location: | | | $ N/A |
| C. Automobile(s) | | | |
| Make 1500 | Model Dodge RAM | Year 2005 | $ |
| Make | Model | Year | $ |
| Make | Model | Year | $ |
| D. Stock and Bonds (provide description) N/A | | | $ |
| | | | $ |
| | | | $ |
| E. Other Property (list all jewelry, equipment, watercrafts, etc.) | | | $ |
| | | | $ |
| | | | $ |

### F. Bank Accounts

| Bank Name | Type of Account | Balance |
|---|---|---|
| N/A | | $ |
| | | $ |
| | | $ |
| | | $ |

| G. Other Assets (Identify) N/A | VALUE $ |
|---|---|

| ASSETS TOTAL VALUE | $ |
|---|---|

I have / have not (circle one) attempted to hire an attorney. The names of the attorneys I have contacted are as follows:

Bird old            Laura Sh.ssam
Laura McCoy
Mac Cobb

On this _____ day of _____, 20 ___, I have been advised of my right to representation by counsel in the trial of the charge pending against me. I am without means to employ counsel of my own choosing and I hereby request the court to appoint counsel for me. By signing my name below, I swear, that all of the above information about my financial condition is current, accurate, and true. By signing below, I understand that a court official can verify any of the information for accuracy as required to determine my eligibility.

_____
Defendant's Signature

SUBSCRIBED and SWORN to before me, the undersigned authority, this 9th day of July, 2015

_____
Notary / Clerk / Magistrate

This court finds the defendant   is / is not   indigent.

_____
Signature of Judge

A CERTIFIED COPY.
ATTEST: 9/21 20 15
Ellen Jaggers
District Clerk,
Franklin County, Texas
By _____ Deputy

Affidavit of Indigence

CAUSE NO. F-8998

THE STATE OF TEXAS     ><     **IN THE DISTRICT COURT**

VS.     ><     **FRANKLIN COUNTY, TEXAS**

Timothy Wade Mitleff     ><     **8TH JUDICIAL DISTRICT**

><

## APPEARANCE AND ANNOUNCEMENT FORM

**The State Announces:**

___ Ready
___ Not Ready
_✓_ Agrees To Pass This Case At Defendant's Request
___ Will Try Other Cases Than This Case During The Next Jury Week And Request That This Case Be Passed To The Next Setting

_____
**Assistant/District Attorney**

**This Case Is:**

_✓_ Less Than Four (4) Months Old
___ Between Four (4) And Eight (8) Months Old
___ Between Eight (8) And Twelve (12) Months Old
___ Over Twelve (12) Months Old

**The Defense Announces:**

___ Ready
_✓_ Not Ready
___ Withholds Announcement
___ Has Filed Written Motion For Continuance

**The Defendant's Attorney:**

___ Has Received A Plea-Bargain Offer
_✓_ Has Not Received A Plea-Bargain Offer

**The Defendant:**

_✓_ Is Present In Court
___ Is Not Present In Court
___ Is In Jail

**The Defense Attorney Is Of The Opinion That This Case Will Be Disposed Of By:**

___ Plea Of Guilty With Plea-Bargain
___ Open Plea
_✓_ Jury Trial
___ Trial Before The Court

This Case is Reset For ___August 7, 2015___ at ___9:00___ O'clock, _a_ M.

___ To Plead Guilty Before Court
___ For Jury Selection
___ For Pre-Trial
___ For Trial Before The Court
___ Other, To Wit: _____

___Wade Forsman___
**Defense Attorney (Hired/Appointed)**

To this date I have paid $_____ toward my attorney fees.

**DEFENDANT'S CURRENT ADDRESS**

_____
_____
_____

**PLEA OFFER**

_____
_____
_____
_____

A CERTIFIED COPY.
ATTEST: _9/21_, 20_15_
Ellen Jaggers
District Clerk,
Franklin County, Texas
By _Christa Colomell_ Deputy

_____ Judge

I understand and acknowledge that I am to appear at reset date and time above without further notice from the Court and failure to appear can result in forfeiture of my bond, additional charges of failure to appear and the issuance of a warrant for my arrest.

___Timothy Mitleff___       ___7-10-15___
**Defendant**                       **Date**

Exhibit I

CAUSE NO. _F-8998_

THE STATE OF TEXAS      ×<br>
                       ×<br>
VS.                ×<br>
_Timothy Wade Mitteff_   ×

IN THE DISTRICT COURT<br>
FRANKLIN COUNTY, TEXAS<br>
8TH JUDICIAL DISTRICT

## APPEARANCE AND ANNOUNCEMENT FORM

**The State Announces:**
___ Ready
___ Not Ready
___ Agrees To Pass This Case At Defendant's Request
___ Will Try Other Cases Than This Case During The Next Jury Week And Request That This Case Be Passed To The Next Setting

_____
Assistant/District Attorney

**This Case Is:**
___ Less Than Four (4) Months Old
___ Between Four (4) And Eight (8) Months Old
___ Between Eight (8) And Twelve (12) Months Old
___ Over Twelve (12) Months Old

**The Defense Announces:**
___ Ready
___ Not Ready
___ Withholds Announcement
___ Has Filed Written Motion For Continuance

**The Defendant's Attorney:**
___ Has Received A Plea-Bargain Offer
___ Has Not Received A Plea-Bargain Offer

**The Defendant:**
___ Is Present In Court
___ Is Not Present In Court
___ Is In Jail

**The Defense Attorney Is Of The Opinion That This Case Will Be Disposed Of By:**
___ Plea Of Guilty With Plea-Bargain
___ Open Plea
___ Jury Trial
___ Trial Before The Court

**This Case is Reset For** _Aug 21, 2015_ at _9_ O'clock, _A_ M.
___ To Plead Guilty Before Court
___ For Jury Selection
___ For Pre-Trial
___ For Trial Before The Court
___ Other, To Wit: _____

DEFENDANT'S CURRENT ADDRESS

_____
_____
_____
_____

FLEA OFFER

_____
_____
_____

_Wade Forsman_
Defense Attorney (Hired/Appointed)

To this date I have paid $_____ toward my attorney fees.

A CERTIFIED COPY:
ATTEST: _9/21_, 20 _15_
Ellen Jaggers
District Clerk,
Franklin County, Texas
By _Christie Connelly_ Deputy

_____ Judge

I understand and acknowledge that I am to appear at reset date and time above without further notice from the Court and failure to appear can result in forfeiture of my bond, additional charges of failure to appear and the issuance of a warrant for my arrest.

_____      _8-7-15_
Defendant                          Date

DISTRICT COURT FRANKLIN COUNTY, TEXAS